### LYON *v.* DONALDSON.

*(Circuit Court, N. D. Illinois, S. D.* April 23. 1888.)

1. PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—DEFENSE OF WANT OF NOVELTY—EVIDENCE.

In "case" for alleged infringement of a patent of date June 30, 1885, defendant pleaded the general issue, with notice of special matter to the effect that he himself was the original and first inventor, a patent having issued to him for substantially the same improvement, July 8, 1884. It was in proof that shortly after plaintiff filed his application, which was done on April 5, 1884, interference had been declared by the patent-office between plaintiff and defendant, and that the examiner had decided the priority of invention in favor of plaintiff, and granted him the patent in suit. No appeal was taken from this decision. *Held,* that under the plea defendant was confined as to proof upon the question of novelty to what led up to his own alleged invention.

2. SAME—ANTICIPATION—MACHINE FOR SWAGING SAWS.

The chief feature of the improvement covered by letters patent No. 321,376, of June 30, 1885, to William Lyon, for a "machine for swaging saws," (circular,) is a movable anvil upon which the saw-tooth rests while it is swaged to the width necessary for clearance by means of a hammer in the hand of the operator, the anvil also resting upon an adjustable support. In "case" for an alleged infringement, defendant set up that as early as 1882 he had perceived the utility of such a machine, and he then devised an experimental working model, and tested it so far as to prove that a saw could be swaged upon it. The portion of this machine produced in court did not contain the movable arm which carries the anvil or die of the Lyon patent, nor the support on which the die rests while the operation of swaging is performed, nor anything which would suggest those operative parts. *Held* not an anticipation.

3. SAME—PATENTABILITY—DESCRIPTION OF CLAIM.

The first claim of letters patent No. 321,376, of June 30, 1885, to William Lyon, for a "machine for swaging saws," is: "In a saw-swaging machine, the combination of a frame, a horizontal, adjustable shaft or arbor, a horizontally adjustable rest, and a die secured to an arm pivoted to the frame." In the specifications "the horizontally adjustable rest" is spoken of as the "support," and is described as being moved by the "shaft working in a threaded perforation in the frame and in the support." *Held,* the purpose of the shaft being to move the support in its sliding groove, so as to make the support adjustable, the support was not intended to be threaded; but that the screw-thread on the shaft was only to operate in a thread in the perforation or head-block of the frame through which it passed, and the shaft was to work or turn in the support in such manner as to adjust the support; and that the claim was valid.

4. SAME—DAMAGES FOR INFRINGEMENT—TREBLE DAMAGES.

In "case" for infringement of a patented "machine for swaging and jointing saws," it was in evidence that plaintiff's machine with the jointing appa-

ratus cost $100, and sold for $150. The infringing machines included only the swaging apparatus, and sold at a profit of about $10 each. *Held,* that the damages should be $10 for each sale of an infringing machine, and, the violation of plaintiff's rights being flagrant, that the recovery should be trebled, under Rev. St.. U. S. § 4919.

5. SAME—INFRINGEMENT BEFORE APPLICATION.

The fact that defendant knew, at the time he made and sold the infringing machines, that plaintiff was the inventor, does not render him liable in damages for sales made before plaintiff had made application for patent.

At Law. Action on the case under Rev. St. U. S. § 4919, for an alleged infringement of a patent.

*Jack & Tichenor,* for complainant.

*Kellogg & Cameron,* for respondent.

BLODGETT, J. This suit was tried by the court, under a stipulation of the parties, without a jury. It is an action on the case for alleged infringement of patent No. 321,376, granted to plaintiff, June 30, 1885, for a "machine for swaging and jointing saws." The device, as shown and described, is only applicable to circular saws, and the chief features of the improvement covered by the patent are a movable anvil upon which the saw-tooth rests while it is swaged to the width necessary for clearance by means of a hammer in the hand of the operator, the anvil also resting upon an adjustable support. The patent also covers a device for jointing the saws after the process of swaging, but, as that feature of the invention is not in controversy, it need not be described. The patent contains five claims, but infringement is only charged as to the first and second, which are:

(1) In a saw-swaging machine, the combination of a frame, a horizontal, adjustable shaft or arbor, a horizontally adjustable rest, and a die secured to an arm pivoted to the frame as set forth. (2) The combination of the pivotal anvil-bearing arm, the die thereon, and the rest therefor, substantially as described.

It will be seen that the movable anvil which is spoken of in the introductory description of the patent is called a "die" in these claims.

The defendant has pleaded the general issue, with notice of special matter, the material portions of which are, first, that plaintiff was not the original and first inventor of the devices covered by the patent, or any substantial part thereof, and that in fact defendant was the original and first inventor of the material and substantial parts of the machine described in the patent, and that a patent was granted defendant therefor on the 8th of July, 1884. The proof shows that plaintiff, as early as February, 1883, had conceived the invention covered by his patent, and made a drawing of it; and that as early as the 1st of March, 1883, he had a full-sized working machine constructed and in operation at the mills of the Burlington Lumber Company, in Burlington, Iowa. That defendant, who was then and still is in business as a manufacturer of saws at Rock Island, Ill., ordered one of plaintiff's machines in May, and the same was constructed and shipped to defendant on the 27th day of June, 1883, containing substantially the mechanisms covered by the plaintiff's patent. And on the 13th of September, 1883, defendant filed

an application in the patent-office for a patent on a machine which, in all its working parts, is a substantial reproduction of plaintiff's machine, so far as the swaging devices are concerned. It is true, defendant's machine shows some minor changes,—such as a divided movable arm for carrying the die or anvil, instead of the single bar shown in plaintiff's patent; and the support, H, upon which the anvil rests while the tooth is being swaged, is so arranged as to slide along the side of the frame timber, instead of sliding on the top of the same timber, as it does in plaintiff's machine. But these are mere colorable changes, so far as the question of infringement is concerned. It is true, the double arm may have some advantages over the single arm of the plaintiff, and the change of location of the sliding block may be an improvement of the plaintiff's machine; but the principle of the plaintiff's machine, as made by plaintiff, and sold to defendant in June, 1883, in construction, mode of operation, and result, is faithfully followed in defendant's machine. The proof also shows that plaintiff applied for his patent on the 5th of April, 1884; that soon after his application an interference was declared by the patent-office between defendant's patent and plaintiff's application, and upon the proof taken the examiner decided the priority of invention in favor of plaintiff, and plaintiff's patent was issued, from which no appeal was taken. This decision is conclusive upon defendant on the question of priority of invention, (*Greenwood* v. *Bracher*, 1 Fed. Rep. 856;) and while the defendant is not estopped by this decision from contesting the novelty of plaintiff's invention by proof showing that he, the defendant, was in good faith mistaken as to the fact that the device covered by the patent was old, yet, as defendant laid no foundation in his pleadings for the introduction of proof upon the question of novelty save by reference to his own machine, the only proof to be considered upon this branch of the case is that of the defendant himself as to an experimental machine, which he says he made in 1882, for swaging saws.

The defendant states, in substance, that in 1882 his attention was attracted to the demand for such a machine, and that he devised a sort of experimental working model of the machine, which he had then conceived; that about the time he got his working model made, and tested it so far as to see that a saw could be swaged upon it, the Kinney saw-swaging machine came out, and that he then abandoned further experiment with his machine. It is very evident from the portion of this old machine produced in court that it does not contain the movable arm which carries the anvil or die of the plaintiff's patent, nor the support, H, on which the die rests while the operation of swaging is performed, nor anything which would suggest these operative parts. And it is too palpable to admit of discussion that defendant has taken those two features of his machine bodily from plaintiff's machine, so that I am compelled to the conclusion that the defense of want of novelty has wholly failed. Defendant also insists that the first claim of plaintiff's patent is void, because it includes the "horizontally adjustable rest," which is the "support, H," described in the specifications, and that by the terms of the specifications this rest is not movable or adjustable, because the speci-

fications say on the first page in the second paragraph of the right-hand column that the support is moved by the "shaft, L, working in a threaded perforation in the frame, A, and in the support;" and it is urged that this language implies that the shaft, L, works in a thread in the support as well as in the perforation in the frame, and hence that it would not operate to move the support. But I do not think the language implies that the support is to be threaded. I think that when we consider that the purpose of this shaft is to move the support in its sliding groove, so as to make the support adjustable, we must conclude that the screw-thread on the shaft was only to operate in a thread in the perforation or head-block of the frame through which it passes, and that the shaft was to work or turn in the support in such manner as to adjust the support. This construction does no violence to the language used; and it is undoubtedly the duty of the court to so read and construe the specifications and drawings of a patent as to make the device operative if it can be done. I must therefore find the defendant guilty of the infringement charged.

The question of damages is more difficult. The proof shows that plaintiff's machine with the jointing attachment cost $100, and sold for $150; thus showing a profit to plaintiff on his machine of $50 per machine. Defendant, however, does not use plaintiff's jointing mechanism, but uses a different arrangement for jointing or evening the saw-teeth after they are swaged with the hammer. The proof also shows that before plaintiff obtained his patent defendant manufactured 13 machines, and sold 6 of them, and that since the issue of the patent he has sold the remaining 7, and that defendant's machine sold for from $80 to $65, and that his profits did not exceed $10 per machine. I do not think defendant should be mulcted in damages for machines sold prior to the issue of plaintiff's patent. At the time these sales were made plaintiff had no patent, and, although we may assume from the proof that defendant knew when he made his machines that plaintiff was the inventor, yet, until plaintiff made his application for a patent, it was not certain that he would ever apply for or obtain one. Hence defendant cannot be said to have been a trespasser upon plaintiff's property before his (plaintiff's) patent was obtained. After plaintiff had been adjudged in the interference proceeding to be the prior inventor as against defendant, and plaintiff's patent had been issued, all sales made by defendant were in violation of plaintiff's rights, and plaintiff is entitled to damages. The defendant's machine not containing all that is covered by the plaintiff's patent, but only the device for the swaging operation, it is obvious that the profits made by plaintiff in the manufacture and sale of his combined swaging and jointing machines furnish no standard for fixing the plaintiff's claim for damages against defendant; so that the only proof we have is the defendant's profits of $10 on each machine sold after the issue of plaintiff's patent; and, as the proof shows that defendant only sold seven machines after that date, the finding will therefore be that the court finds defendant guilty, and assesses the damages at $70. And upon this finding, which stands in the place of the verdict of a jury, the court, under the provisions of section 4919, Rev. St., fixes plaintiff's actual damages at

three times the amount found by the verdict, which makes the actual damages $210, for which judgment will be rendered; for the reason that defendant's infringement appears to me from the proof to have been a flagrant violation of plaintiff's rights. If, after the controversy in the patent-office had been decided in plaintiff's favor, and the patent awarded to him, defendant had offered to sell to plaintiff the machines he had on hand at cost, or for a fair manufacturer's profit, he would have placed himself in a far different position before the court from that in which he appears in the light of the proof in this case.