WESTON ELECTRICAL INSTRUMENT CO. v. EMPIRE ELECTRICAL
INSTRUMENT CO. et al.

(Circuit Court, S. D. New York. February 18, 1907.)

No. 7,968.

PATENTS—SUIT FOR INFRINGEMENT—INCREASE OF DAMAGES.

The conduct of defendants in a suit in equity for infringement of a patent *held* to have been such, in deliberately and intentionally infringing, in purposely protracting the litigation, and in transferring the property of the corporation, which was the principal defendant, for the purpose of rendering a recovery nugatory, as to warrant the court in imposing triple damages, under Rev. St. § 4921 [U. S. Comp. St. 1901, p. 3395.]

In Equity. Suit for infringement of letters patent No. 497,482, for a shunt for electric light and power stations, granted to Edward Weston May 16, 1893. On report of master.

For former opinion, see 131 Fed. 82.

Kenyon & Kenyon, for complainant.
Philip Mauro, for defendants.

HOLT, District Judge. I am satisfied that this was a case of deliberate and intentional infringement by all the original defendants, who knew that they had no right to manufacture or deal in the Weston shunts, and that they have defended the suit with the purpose of protracting the litigation as much as possible while they continued to infringe, and of ultimately transferring the assets of the Empire Company, if judgment should go against them, and thus, if possible, render any recovery nugatory. The defendants' conduct on the accounting appears to have been equally blameworthy. They have pursued a policy throughout the proceedings on the accounting of obstruction and concealment of the facts, and in my opinion this is a proper case to impose upon the defendants triple damages. I do not think that the statute permits the court to impose triple costs. The fact that in the interlocutory decree no judgment was entered against the defendant Cooke prevents, in my opinion, any recovery against him on the case as it now stands; but, as the facts elicited on the accounting

make it appear probable that Cooke was an actual party to the original infringement and to the proceedings by which the Empire Company parted with its assets, I direct that the case be referred back to the master, if the complainant so elects, with instructions to take any additional testimony which the defendant Cooke or any of the parties may desire to offer, and to report, upon such testimony and all the other testimony already taken in the case, whether judgment should be entered in this case against the defendant Cooke, as well as against the two companies held liable upon the interlocutory decree. If the complainant does not elect to take further proceedings before the master against the defendant Cooke, final judgment may be entered confirming the master's report, and for triple damages and the costs as taxed against the two companies held liable by the interlocutory decree.

The foregoing remarks as to the conduct of the defendants do not, of course, apply to the counsel representing them.