## FOX et al. v. KNICKERBOCKER ENGRAVING CO.

(Circuit Court of Appeals, Second Circuit. November 16, 1908.)

### No. 73.

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—ADMISSION IN PLEADING.

Where the answer to a bill charging infringement of a patent admitted that defendant had during the time alleged made and used articles conforming to the claims of the patent, no further proof is required from complainant on the issue of infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 526; Dec. Dig. § 310.*]

2. PATENTS (§ 324*)—SUIT FOR INFRINGEMENT—INCREASE OF DAMAGES BY COURT.

The awarding of treble damages for infringement of a patent under Rev. St. § 4921 (U. S. Comp. St. 1901, p. 3395), being discretionary with the court, will not be interfered with by the appellate court unless it appears that there has been an abuse of discretion.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 324.*]

3. PATENTS (§ 328*)—VALIDITY—PHOTOGRAPHIO NEGATIVE.

The Fox patent No. 675,272, for a photographic negative, is valid on its face.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal from final decree entered January 10, 1908, in the Circuit Court for the Southern District of New York, in an infringement suit based upon letters patent No. 675,272, granted May 28, 1901, to Thomas S. Fox for a new and improved half-tone negative. This decree made final the interlocutory decree,

---

confirmed the report of the master, after modifying it by reducing the damages assessed by him, found the amount of damages to be $591, and adjudged that this sum should be trebled.

For opinion below, see 158 Fed. 422.

Wm. Lester Wemple, for appellant.

Philip C. Peck, for appellees.

Before LACOMBE, COXE and NOYES, Circuit Judges.

COXE, Circuit Judge. On the issue joined by the bill, answer and replication no one appeared before the examiner on behalf of the defendant. The complainants offered in evidence the patent, various documents proving title, an admission by the defendant of infringement and rested, after having called a practical photo-engraver to describe the process of the Fox patent. After the interlocutory decree was entered a petition for a rehearing was presented, and denied.

The first proposition argued is that the patent is void on its face for want of invention. Assuming that this question may be presented for the first time on appeal, it is manifest that the defendant's contention cannot be maintained. The patent deals with an abstruse and complicated art and there is nothing, existing prior to the date of its application, of which the court can take judicial notice, which throws any light upon the question of invention. Obviously the patent is valid on its face and it was the duty of the defendant to prove the contrary.

The defendant's second contention is that there is no evidence of infringement to sustain the interlocutory decree. We think, on the contrary, that the proof was of the highest class attainable, viz.: the written admission of the defendant itself sworn to by its president. The portion of the answer introduced is as follows:

"And the defendant further says that since the 5th day of August, 1902, it has made or caused to be made and used, or caused to be used a number of photographic negatives which conformed to claims 1, 2, 3 and 4, respectively, of the said letters patent No. 675,272; and which were respectively made by processes which included the methods specified in claims 5, 6 and 7, respectively, of the said letters patent No. 675,272."

This admission is in direct response to an allegation of the bill charging that "since the issue of said letters patent No. 675,272, and since the 5th day of August, 1902, the defendant herein named" has infringed, etc. The bill also required the defendant to make answer to certain interrogatories stating whether or not it had made the new articles of manufacture covered by the first four claims of the patent and whether or not it had used the method described in the last three claims. The admission is distinct and positive; it is contained in a paragraph by itself, wholly disconnected from any other averment of the answer.

It is argued that the admission is not available because other paragraphs of the answer preceding and following the paragraph in question, allege, on information and belief, that the invention was known and used by other designated individuals prior to the patent. In other words, it is said that the admission is qualified by the other

averments of the answer and cannot be separated from the affirmative allegation of anticipation. We are aware of no such rule.

The effect of the admission was to remove the issue of infringement from the controversy leaving it to proceed upon the question of prior use. As there was no proof of prior use the court had no alternative but to grant the interlocutory decree.

If the cause had been heard in open court, and the complainants had attempted to make proof of infringement the judge would undoubtedly have declined to listen to such proof in view of the express admission of the answer.

As was said by Mr. Justice Miller in Jones v. Morehead, 1 Wall. 155, 165, 17 L. Ed. 662:

"It would be subversive of all sound practice, and tend largely to defeat the ends of justice, if the court should refuse to accept a fact as settled, which is distinctly alleged in the bill, and admitted in the answer."

If anything further be needed to demonstrate the fallacy of the defendant's contention it is found in the fact that this is an appeal from a final decree founded upon a record containing abundant proof of infringement. It may also be noted that the master reports that at the hearing before him the defendant's counsel stated that "the defendant's infringement in this case was not willful and was small and was frankly admitted in the defendant's answer."

We have examined the report of the master and the opinion of the judge of the Circuit Court confirming the report, as modified, and deem it unnecessary to add to what is there stated.

The concluding contention of the defendant is that "the learned court below abused the discretion in it vested by granting the complainants' application for increased damages."

In increasing the damages the court below was influenced by the fact that defendant had reason to believe that it was infringing, "as it was called upon to indemnify at least one party with whom it was dealing and from whom it secured business by a reduction of price, thus knowingly taking business from a licensee of the complainants." It also appeared that the defendant destroyed all file proofs of the use by it of the infringing process prior to the commencement of the accounting, although this was not done maliciously or for the purposes of concealment. The account presented to the master was not a frank and full statement and defendant's infringement was continued after the commencement of the suit.

The defendant presented no evidence showing the invalidity of the patent and admitted infringement. Its conduct has subjected the complainants to a long and expensive litigation which might easily have been avoided if a license had been taken. In these circumstances the Circuit Court may well have thought that the damages which it was possible to prove were inadequate.

If the question had been presented to this court in the first instance it is not improbable that we would have declined to treble the damages. It was, however, in the discretion of the Circuit Court to do so and we hesitate to say that the discretion has been abused. The following authorities sustain this view: Topliff v. Topliff, 145

U. S. 156, 12 Sup. Ct. 825, 36 L. Ed. 658; Day v. Woodworth, 13 How. 363, 372, 14 L. Ed. 181; Weston v. Empire Co. (C. C.) 155 Fed. 301; Folding Box Co. v. Elsas (C. C.) 81 Fed. 197, affirmed 86 Fed. 917, 30 C. C. A. 187; Lyon v. Donaldson (C. C.) 34 Fed. 789, 793.

The decree is affirmed with costs.