## RESSINGER v. SEARS ROEBUCK & CO.
### No. 44C1058.

District Court, N. D. Illinois, E. D.
June 11, 1945.

Norman S. Parker, of Chicago, Ill., for plaintiff.

Lederer, Livingston, Kahn & Adsit, of Chicago, Ill., for defendant.

LA BUY, District Judge.

Motion to dismiss complaint or to strike portions of the complaint.

Complaint alleges plaintiff developed a design in January 1943 for children's vehicles made of non-critical material, such as wood. On completion of the design he made arrangements for manufacture with Adler Manufacturing Company in Kentucky. On May 14, 1943, plaintiff made an application for United States Letters Patent No. 486,994, which application is still pending. Each children's vehicles made according to plaintiff's patent was labeled "Patents Pending" so that defendant had notice of plaintiff's exclusive right in the articles made. Deliveries of the articles were made in the summer of 1943. On September 9, 1943, defendant ordered 500 of these articles. No subsequent order was made and such vehicles were illustrated in defendant's Midwinter catalogue of December 1943. Plaintiff alleges defendant has wilfully and completely appropriated plaintiff's design and has manufactured and sold large numbers of these articles. The relief asked for is an injunction against further manufacture and sale by defendants and an accounting.

In Brill v. St. Louis Car Co., C.C. Mo. 1897, 80 F. 909, 910, the court had before it the question concerning the rights of an inventor pending application. The court said:

"An inventor has no exclusive right to his invention at common law, but derives all such exclusive right from the grant of the government, subject to the provisions of the statutes conferring such rights. * * * Manifestly, therefore, there can be no invasion of the patentee's rights by any manufacture or use of the device, the subject-matter of the expected patent, prior to the date of the patent. On this subject, Chief Justice Taney, in the case of Gayler v. Wilder, 10 How. 477, [13 L.Ed. 504], observes as follows:

" 'The inventor of a new and useful improvement certainly has no exclusive right to it until he obtains a patent. The right is created by the patent, and no suit can be maintained by the inventor against any one for using it before the patent is issued.'

"The inchoate right existing in an inventor, after making an application for a patent and while the same is undergoing an examination in the patent office, does not entitle him to injunctive relief against an infringer of such right. Rein v. Clayton, C.C. Mich., 37 F. 354 [3 L.R.A. 78]; Lyon v. Donaldson, C.C. Ill., 34 F. 789.

" * * * If, however, such use or threats to make use of such inventions are of such character as to fairly justify the inference that defendants intended to continue the use thereof after patents should be issued to the complainant, then complainant is entitled to a decree enjoining the defendants from carrying out their threats. * * *"

■■ In paragraph 6, plaintiff declares that defendant's manufacture and sale of children's vehicles made in accordance with plaintiff's design "is calculated to and does cause confusion and mistake among the trade and public. Said defendant's aforesaid acts and each of them, constitute unfair competition with the plaintiff." There being no patented right existent in this action, consideration of the unfair competition allegation must be based upon another right. In Sinko v. Snow-Craggs Corporation, 7 Cir., 1939, 105 F.2d 450, 452, it was stated:

"The doctrine underlying unfair competition cases is to restrain deceitful and fraudulent competition in whatever garb of misrepresented identity it assumes. * * * An analysis of unfair competition cases establish the proposition that Sinko's right to monopolize, and consequently Cragg's 'right to imitate' * * *, therefore depends on whether the particular trade dress in question has acquired a secondary meaning.

"Nowhere has the doctrine of secondary meaning and its indispensability in unfair competition cases received more admirable treatment than in Crescent Tool Co. v. Kilborn & Bishop Co., 2 Cir., 247 F. 299, 300, when Judge Learned Hand said:

" 'The cases of so-called "non-functional" unfair competition * * * are only instances of the doctrine of "secondary" meaning. All of them presuppose that the appearance of the article * * * has become associated in the public mind with the first comer as manufacturer or source, and, if a second comer imitates the article exactly, that the public will believe his goods have come from the first, and will buy, in part, at least, because of that deception. *Therefore it is apparent that it is an absolute condition to any relief whatever that the plaintiff in such cases show that the appearance of his wares has in fact come to mean that some particular person— the plaintiff may not be individually known—makes them, and that the public cares who does make them, and not merely for their appearance and structure.*' " (Italics supplied)

■■ It appears therefore that unless a secondary meaning has attached to plaintiff's articles, he can maintain no action since he has no patent right. From paragraph 6 alleging unfair competition, it is not disclosed whether any secondary meaning has attached to his article to sustain the unfair competition complaint.

The motion of defendant to dismiss the complaint is allowed.