**BEATRICE FOODS CO.,**
**Plaintiff–Appellee,**

v.

**NEW ENGLAND PRINTING AND LITHOGRAPHING COMPANY,**
**Defendant–Appellant.**

**No. 90–1340.**

United States Court of Appeals,
Federal Circuit.

Jan. 23, 1991.

James B. Muskal, Leydig, Voit & Mayer, Chicago, Ill., argued, for plaintiff-appellee.

With him on the brief was Richard M. Johnson, of counsel.

Thomas L. Shriner, Jr., Foley & Lardner, Milwaukee, Wis., argued, for defendant-appellant. With him on the brief were Richard M. Esenberg, and James L. Huston. Also on the brief were Theodore W. Anderson, Michael O. Warnecke, Deborah Schavey Ruff and John M. Augustyn, Neuman, Williams, Anderson & Olson, Chicago, Ill., of counsel.

Before MARKEY and ARCHER, Circuit Judges, and FRIEDMAN, Senior Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The principal question in this patent infringement case, here on appeal from the United States District Court for the District of Connecticut, is whether the district court improperly trebled the damages on the theory that the enhanced award was necessary to compensate adequately the patentee for the infringement. An additional issue is whether the court erred in awarding prejudgment interest on the enhanced portion of the award. We hold that the district court erred in both of these rulings.

## I

A. The appellee, Beatrice Foods Co. (hereinafter Webcraft, formerly a division of Beatrice and now the independent company Webcraft Technologies, Inc., and the real party in interest), filed this suit in 1980 charging the appellant, New England Printing and Lithographing Company (New England), with infringing three of Webcraft's patents. After trial, the district judge rejected New England's challenges to the validity of the patents and its laches and estoppel defenses, found that New England had infringed the patents, and entered judgment against New England "in money damages to compensate [Webcraft] for the infringement ... but in no event less than a reasonable royalty together with interest, costs, and a reasonable attorney fee...." *Beatrice Foods Co. v. New England Printing and Lithographing Co.*, 224 USPQ 982, 992, 1984 WL 1493 (D.Conn.1984). In an unpublished opinion,

this court affirmed the district court's judgment except for the award of attorney fees, which it vacated and remanded because the district court had not specifically found that the case was "exceptional." *Beatrice Foods Co. v. New England Printing and Lithographing Co.*, 758 F.2d 668 (Fed. Cir. 1984) (unpublished).

On remand, the district court determined that the case was not "exceptional," since the evidence "did not prove ... 'willful and deliberate infringement by an infringer or the prelongation [sic] of litigation in bad faith'...." Order respecting attorney fees, dated June 4, 1985.

B. In the subsequent damages trial, the court held that the proper measure of damages was Webcraft's lost profits. The court described as "outrageous" New England's "intentional destruction of its job tickets, the only yardstick to measure accurately defendant's guilt in dollars, thus hindering plaintiff in proving defendant's illegal use of its [patented invention]." *Beatrice Foods Co. v. New England Printing and Lithographing Co.*, No. B–80–335, slip op. at 2 (D.Conn. July 14, 1988). It ruled, however, that Webcraft's "evidence at the hearing was sufficient to prove its damages without any difficulty or the need of inferences from defendant's conduct." *Id.*

The court found that New England's infringing sales totalled $22,107,837.69, which it treated as Webcraft's lost profits, on the theory that since New England's actions were illicit, "everything it received on its sales was profit because it had no cost to subtract." *Id.* at 3. The court thus awarded damages representing lost profits of $22,107,837.69.

On appeal, this court, sitting *in banc*, affirmed the district court's rulings that New England's job tickets were "deliberately destroyed", that damages were properly measured by Webcraft's lost profits, and that $22,107,837.69 represented New England's infringing sales. It vacated the judgment for damages in that amount, however, because

> we can not agree with Webcraft that the district court had equitable discretion to equate New England's gross sales with

Webcraft's lost profit damages. The court's stated reason for so doing—that New England as a tortfeasor had no manufacturing costs, does not implement the standard of Webcraft's lost profits that the court had correctly adopted. *Beatrice Foods Co. v. New England Printing and Lithographing Co.,* 899 F.2d 1171, 1176, 14 USPQ2d 1020, 1024 (Fed. Cir. 1990). We remanded the case "for the purpose of determining Webcraft's damages on the basis of lost profits", noting that:

In so doing, the court may give consideration to Webcraft's request that its actual damages be multiplied, as authorized by 35 U.S.C. § 284, and may in its equitable discretion grant said request, whether or not such an award exceeds $22,107,837.69.

*Id.*

C. On remand, the district court made additional findings concerning damages, all of them exactly as Webcraft proposed. The court found:

8. Applying Findings # 1–7 [certain adjustments and profit margin percentages] to New England's minimum sales of $22,107,837.69 ... results in a base damage of $8,446,509.96.

9. Pursuant to 35 U.S.C. § 284, the damage award [of $8,446,509.96] is compensatorily trebled to adequately compensate Webcraft for the infringements.

10. Plaintiff's damages we find are $25,339,529.88 with interest at 10% from July 7, 1980.

Shortly after New England had moved for reconsideration, the court entered judgment of $25,339,529.88, together with prejudgment interest on that amount. The court then denied New England's motion for reconsideration without explanation, and New England filed a timely notice of appeal. Thereafter, the district court again denied New England's motion, this time stating:

Finding No. 9 reads 'Pursuant to 35 U.S.C. § 284 the damage award is compensatorily tripled to adequately compensate Webcraft for the infringements.' The award was not a penalty but compensation.... We agree with plaintiff's

counsel that defendant is not being denied due process and must now pay damages 'to adequately compensate plaintiff for its damages because of its massive infringements' through the nine years, 1974=1983 [sic].

Order denying defendant's motion for reconsideration, dated May 23, 1990 (citation omitted).

II

A. The provision of the patent laws governing the award of damages for infringement is 35 U.S.C. section 284 (1988), which provides in pertinent part:

Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.

When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed.

The first paragraph thus requires the court to award damages "adequate to compensate for the infringement," and the second paragraph authorizes the court to increase the damages up to threefold.

■ Although the statute does not state the basis upon which a district court may increase damages, "[i]t is well-settled that enhancement of damages must be premised on willful infringement or bad faith." *Yarway Corp. v. Eur–Control USA, Inc.,* 775 F.2d 268, 277, 227 USPQ 352, 358 (Fed. Cir.1985) (citing *Baumstimler v. Rankin,* 677 F.2d 1061, 1073, 215 USPQ 575, 585 (5th Cir.1982); *Lam, Inc. v. Johns–Manville Corp.,* 668 F.2d 462, 474–75, 213 USPQ 1061, 1070–71 (10th Cir.), *cert. denied,* 456 U.S. 1007, 102 S.Ct. 2298, 73 L.Ed.2d 1302 (1982)). Furthermore, if a district court enhances damages, it must explain and articulate through findings the basis upon which it concludes that there has been willful infringement or bad faith. *Reactive Metals and Alloys Corp. v. ESM, Inc.,* 769 F.2d 1578, 1582, 226 USPQ 821,

824 (Fed. Cir.1985); *Hughes v. Novi American, Inc.*, 724 F.2d 122, 124, 220 USPQ 707, 709 (Fed. Cir.1984).

■ The district court's sole explanation in this case for enhancing the damages was that the damage award was "compensatorily trebled to adequately compensate Webcraft for the infringements" (finding 9), and was "not a penalty but compensation." This was not an adequate basis for awarding additional damages of more than $16 million. *See Paper Converting Machine Co. v. Magna–Graphics Corp.*, 745 F.2d 11, 20, 223 USPQ 591, 598 (Fed. Cir.1984) (for a valid award of enhanced damages, "[w]e need explicit findings with which we can review the district court's decision").

More significantly, this finding rested on a misinterpretation and misapplication of section 284, and therefore cannot sustain the award of enhanced damages.

■ Under our cases, enhanced damages may be awarded only as a penalty for an infringer's increased culpability, namely willful infringement or bad faith. Damages cannot be enhanced to award the patentee additional compensation to rectify what the district court views as an inadequacy in the actual damages awarded.

■ The first paragraph requires that the damages be "adequate to compensate for the infringement." Where the infringer's own conduct prevented the patentee from accurately determining the damages, or made it more difficult for the patentee to do so, the district court may resolve all doubts against the infringer and determine damages on the best available evidence.

> [W]hen the amount of the damages cannot be ascertained with precision, any doubts regarding the amount must be resolved against the infringer.... In addition, any adverse consequences must rest on the infringer when the inability to ascertain lost profits is due to the infringer's own failure to keep accurate or complete records.

*Lam, Inc. v. Johns–Manville Corp.*, 718 F.2d 1056, 1065, 219 USPQ 670, 675 (Fed. Cir.1983) (citing *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563, 51 S.Ct. 248, 250, 75 L.Ed. 544 (1931); *Milgo Electronic Corp. v. United Business Communications, Inc.*, 623 F.2d 645, 665, 206 USPQ 481, 496 (10th Cir.), *cert. denied*, 449 U.S. 1066, 101 S.Ct. 794, 66 L.Ed.2d 611 (1980)).

It is the actual damages determined pursuant to the first paragraph of section 284 —and not the enhanced damages determined pursuant to the second paragraph of that section—that measures the adequacy of the award to compensate the patentee for the infringement. If the patentee believes that the award is inadequate, it may challenge it on appeal. The award cannot be enhanced, however, on the ground that it is inadequate.

Webcraft argues that our prior decision, reported at 899 F.2d 1171 (Fed.Cir.1990), authorized the award of enhanced damages for compensatory purposes where, through misconduct, the infringer has impeded the patentee's ability to prove actual lost profits. Webcraft relies on our statement in that case that:

> Substantial discretion is reposed in the trial court when reaching a judgment following lack of cooperation of a party. The trial court may increase damages up to treble the amount of actual damages. *See, e.g., Fox v. Knickerbocker Engraving Co.*, 165 F. 442, 444 (2d Cir.1908) (treble damages upheld where the defendant destroyed its files showing use of the infringing process before the commencement of the accounting, 'although this was not done maliciously or for the purposes of concealment'). In *Fox*, the court found that where the defendant's conduct had 'subjected the complainants to a long and expensive litigation which might easily have been avoided if a license had been taken, [the lower court, in awarding increased damages] may well have thought that the damages which it was possible to prove were inadequate.' *Id.* at 444.

*Beatrice*, 899 F.2d at 1176, 14 USPQ2d at 1024. Webcraft also emphasizes this court's statement that on remand

> the [district] court may give consideration to Webcraft's request that its actual damages be multiplied, as authorized by 35 U.S.C. § 284, and may in its equitable

discretion grant said request, whether or not such an award exceeds $22,107,-837.69.

*Id.*

The references to increased damages, however, were not intended to abrogate for this case the normal rule that damages may be enhanced only where the infringement was willful or the patentee acted in bad faith. All we told the district court was that, if the normal requisites of enhanced damages were shown, the court could increase the damages even to an amount exceeding the $22,107,837.69 previously awarded. Our citation to *Fox* cannot be interpreted, as Webcraft would do, as permitting the enhancement of damages in this case as additional compensation for the infringement.

To permit the award of enhanced damages because of perceived inadequacies in the actual damages awarded would be likely to cause patentees generally to seek, and the district courts to award, enhanced damages whenever the infringer's lack of, or deficiencies in, its records makes it difficult for the patentee to calculate damages with the desirable degree of precision. We decline thus to upset the basis upon which damages in patent infringement cases traditionally have been awarded.

■ B. Under the foregoing principles, the enhancement of damages in this case cannot stand. In its decision denying attorney fees, the district court flatly held that the infringement in this case had not been willful. That ruling is the law of the case, and eliminates willfulness as a possible ground for enhancing damages.

The district court also ruled that there was no proof of " 'prolongation [sic] of litigation in bad faith'...." That ruling also is the law of the case with respect to bad faith litigation up to the date of that order, June 4, 1985. The district court, however, has not considered whether New England acted in bad faith since that date. Accordingly, as New England recognized at oral argument, the case must be remanded to the district court to consider that issue.

## III

■ Our holding in part II that the enhancement of damages as additional compensation for the infringement cannot stand, also requires modification of the award of prejudgment interest to limit such interest to the compensatory element of the damages, namely, $8,446,509.96.

The purpose of prejudgment interest is to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement. An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since his damages consist not only of the value of the royalty payments but also of the forgone use of the money between the time of infringement and the date of the judgment.

*General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655–56, 103 S.Ct. 2058, 2062–63, 76 L.Ed.2d 211 (1983) (footnote omitted). As this court stated in *Paper Converting Machine Co.*, prejudgment interest is designed "to compensate for the delay a patentee experiences in obtaining money he would have received sooner if no infringement occurred," while "[o]n the other hand, damages are trebled as punishment." 745 F.2d at 23, 223 USPQ at 600 (citation omitted).

Applying these principles, we held in *Underwater Devices Inc. v. Morrison–Knudsen Co.*, 717 F.2d 1380, 1389, 219 USPQ 569, 576 (1983), that "prejudgment interest can only be applied to the primary or actual damage portion and not to the punitive or enhanced portion" of a damage award.

As we have held, the enhanced portion of the damage award in this case cannot be compensatory, and it, therefore, is punitive. *Paper Converting Machine Co.*, 745 F.2d at 23, 223 USPQ at 600; 5 *D.S. Chisum, Patents* § 20.03[4][b][v] (1989) ("The decisions of the Federal Circuit have re-enforced the notion that multiple damages is primarily a punitive provision to deter willful infringement of patents."). Under *Underwater Devices*, prejudgment interest may be based only on the compensatory portion of the damages award ($8,446,-

509.96) and not on the enhanced additional damages of $16,893,019.92.

## IV

The results of our decision are as follows:

1. The judgment of the district court is VACATED insofar as it awarded enhanced damages of $16,893,019.92. Although New England asserts in passing that the actual damages of $8,446,509.96 are excessive, we have no basis for reducing it and therefore affirm the judgment insofar as it awarded that amount.

2. The case is REMANDED to the district court to consider whether New England acted in bad faith after June 4, 1985. If the court finds that it did, the court must then determine whether the damages should be enhanced and, if so, by how much. If the court decides to enhance the damages, it must make explicit and detailed findings showing the grounds for its conclusion that New England had acted in bad faith after June 4, 1985.

3. The award of prejudgment interest is modified to limit such interest to the actual damages awarded, *i.e.*, prejudgment interest only on the $8,446,509.96 portion of the award.

New England has asked us in this appeal, as it did in the prior appeal reported at 899 F.2d 1171, to direct assignment of the case on remand to a different district judge. As in that prior appeal (899 F.2d at 1177 n. 1), we see no occasion to address our authority to take such action, since even if we had that authority, we would not exercise it here.

Costs to the appellant.

AFFIRMED IN PART, VACATED IN PART, and REMANDED.