DYK, Circuit Judge,
with whom NEWMAN, Circuit Judge, joins, concurring in the denial of the petition for rehearing en banc.
We agree that rehearing en banc is properly denied. We write briefly to respond to the dissents.
*1353 I
Section 284, 35 U.S.C., allows the award of enhanced damages at the conclusion of a patent case based on a finding of willful infringement. In re Seagate Tech., LLC, 497 F.3d 1360, 1368 (Fed.Cir.2007) (en banc); see also Beatrice Foods Co. v. New England Printing & Lithographing Co., 923 F.2d 1576, 1578 (Fed.Cir.1991) (collecting cases). Section 285, 35 U.S.C., allows the award of attorneys’ fees at the conclusion of the case, against either a patentee or an accused infringer, if the court finds the case “exceptional.” Following the Supreme Court’s decision in Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc. (“PRE”), 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993), we have long held that the standard for both inquiries is the same, and that it requires a dual determination that the position of the sanctioned party is (1) objectively unreasonable, and (2) asserted in subjective bad faith. See, e.g., Old Reliable Wholesale, Inc. v. Cornell Corp., 635 F.3d 539, 543-44 (Fed.Cir.2011); iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed.Cir.2011); Seagate, 497 F.3d at 1370-71; Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed.Cir.2005).
We all agree that the ultimate decision to award enhanced damages and attorneys’ fees (once the predicate tests have been satisfied) is committed to the district court’s discretion, and that the district court’s findings on the bad faith component are subject to review for clear error. See Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc., 687 F.3d 1300, 1310 (Fed.Cir.2012). The dissents also seem to agree that the objective reasonableness determination should be made by the court, not the jury. The question on which we divide is whether that determination should be subject to de novo review, as this court held in Bard, and as this panel (following Bard) held here. See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc., 682 F.3d 1003, 1005 (Fed.Cir.2012).[1] In particular, the question in this case is whether claim construction, which is a question of law in a merits determination, see Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454-55 (Fed.Cir.1998) (en banc), should nonetheless be treated as something else in an objective reasonableness determination.
That such legal questions invoke de novo review is clear. Our cases based the objective reasonableness standard directly on the Supreme Court’s decision in PRE, 508 U.S. at 60-63, 113 S.Ct. 1920. PRE held that litigation could not be sanctioned unless a suit was objectively baseless, and objective baselessness requires a probable cause determination. Id. at 62, 113 S.Ct. 1920. PRE also held that “[wjhere, as here, there is no dispute over the predicate facts of the underlying legal proceeding, a court may decide probable cause as a matter of law.” Id. at 63, 113 S.Ct. 1920. Under PRE, the reasonableness of a legal position in the context of a probable cause determination is itself a question of law, as the Supreme Court has recently confirmed. See Scott v. Harris, 550 U.S. 372, 381 n. 8, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (once the relevant facts are determined and inferences drawn “in favor of the nonmoving party to the extent supportable by the record, the reasonableness of Scott’s actions ... is a pure question of law”); see also Stewart v. Sonneborn, 98 *1354 U.S. 187, 194, 25 L.Ed. 116 (1878) (“[Probable cause is a question of law in a very important sense.... Whether the circumstances alleged to show it probable are true, and existed, is a matter of fact; but whether, supposing them to be true, they amount to a probable cause, is a question of law.”) (internal quotation marks omitted). Judge Moore’s suggestion that PRE did not decide what it explicitly decided is not well taken. And Judge Moore cites no authority for the proposition that under PRE, a determination of probable cause for legal arguments is not subject to de novo review.
II
Judge Moore, Judge Reyna, and Judge Mayer in his panel dissent, urge that both this decision and Bard are inconsistent with our prior authority. This is incorrect.[2] More fundamentally, they assert that the de novo standard is inconsistent with the Supreme Court’s decisions in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), and Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), which dealt with the standard of review for awards of attorneys’ fees under Rule 11 and the Equal Access to Justice Act (“EAJA”). But those cases arose in quite different contexts, and are no basis for reading sections 284 and 285 as requiring deference to district courts on the objective reasonableness issue.
First, the language of sections 284 and 285 does not mandate deference to the district court’s discretion on questions of law. To the contrary, section 285 was amended to replace an open-ended discretionary standard, and to restrict the discretion in the district courts. Section 285, as originally enacted, provided that the district court “may in its discretion award reasonable attorney[s’] fees.” Patent Act of Aug. 1, 1946, ch. 726, 60 Stat. 778. The 1952 Patent Act deleted the “in its discretion” language and replaced it with the “exceptional case” standard that exists today. 35 U.S.C. § 285 (2006) (“The court in exceptional cases may award reasonable attorney fees to the prevailing party.”); see also Rohm & Haas Co. v. Crystal Chem. Co., 736 F.2d 688, 691 (1984); Alan M. Ahart, Attorneys’ Fees: The Patent Experience, 57 J. Pat. Off. Soc’y 608, 617 n. 37 (1975).
Second, the relevant policy considerations behind sections 284 and 285 are quite different from those involved in EAJA and Rule 11. Those provisions are addressed to the award of attorneys’ fees, not enhanced damages, as provided in section 284. Even as to the attorneys’ fees provision of section 285, the considerations are different. Rule 11 deters abusive litigation practices, Cooter & Gell, 496 U.S. at 393, 110 S.Ct. 2447, and EAJA discourages the government from initiating unjustified litigation by evening the playing field, “eliminat[ing] for the average person the financial disincentive to challenge unreasonable governmental actions.” Comm’r, *1355 INS v. Jean, 496 U.S. 154, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). In contrast, section 285, while it serves deterrent purposes, is a primarily compensatory provision. See, e.g., Mathis v. Spears, 857 F.2d 749, 753 (Fed.Cir.1988) (“The purpose of Section 285 is to reimburse a party injured when forced to undergo an ‘exceptional’ case.” (emphasis omitted)). Early on, it was recognized that attorneys’ fee awards were “not to be regarded as a penalty for failure to win a patent infringement suit,” and should only be allowed where it would be “grossly unjust that the winner ... be left to bear the burden of his own counsel fees.” Rohm & Haas, 736 F.2d at 691 (quoting Park-In Theatres, Inc. v. Perkins, 190 F.2d 137, 142 (9th Cir.1951)).
Third, unlike sanctions under Rule 11 or attorneys’ fees under the EAJA, enhanced damages and exceptional case findings frequently involve extraordinarily large awards, often amounting to millions of dollars.[3] Highmark was awarded approximately $5 million in attorneys’ fees and expenses in this case. Highmark, 687 F.3d at 1308. Bard was awarded $185,589,871.02 in enhanced damages and $19 million in attorneys’ fees and costs. Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., 670 F.3d 1171, 1178 (Fed.Cir.2012). The Supreme Court recognized in Pierce that large fee awards “militat[ed] against” an abuse of discretion standard: “If this were the sort of decision that ordinarily has such substantial consequences, one might expect it to be reviewed more intensively.” Pierce, 487 U.S. at 563, 108 S.Ct. 2541. However, the Court concluded that this concern was unwarranted as applied to EAJA, because at the time EAJA fee awards were typically only a few thousand dollars. Id.; see also Jean, 496 U.S. at 164 n. 12, 110 S.Ct. 2316 (“In 1989 [EAJA] awards averaged less than $3,000 each”).
Fourth, unlike the situation under Rule 11, the decision to award attorneys’ fees and enhanced damages to prevailing parties under sections 284 and 285 is based on the entire case, and does not turn on whether the patentee’s position would have been reasonable at the time of filing the complaint or pleading. See Antonious v. Spalding & Evenflo Cos., 275 F.3d 1066, 1076 (Fed.Cir.2002); Fed.R.Civ.P. 11 advisory committee’s note, 1983. Rather, our en banc decision in Seagate established that objective reasonableness for enhanced damages is a single retrospective look at the merits of the case after the conclusion of the litigation, when there is a “prevailing party.” See, e.g., Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH, 524 F.3d 1254, 1264 (Fed.Cir.2008) (“[Objective baselessness requires a determination based on the record ultimately made ... not on the basis of information available to the patentee at the time the allegations were made.”). The same is true of attorneys’ fee awards under section 285 in the litigation of unmeritorious cases. Nor do sections 284 and 285, in these respects, implicate supervision of the local bar, a matter that Cooter & Gell found particu *1356 larly within the expertise of the local district court. 496 U.S. at 404, 110 S.Ct. 2447.
Fifth, appeals of enhanced damage awards and exceptional case findings typically come to this court either after an appeal that resolved the merits, or in an appeal that also involves review of the merits.[4] The district court, when it makes an objective reasonableness determination after a trial on the merits, is simply unable to forecast what this court will decide in the merits appeal. In this respect, it is not “uniquely positioned” to decide the objective reasonableness question. Moreover, the existence of appellate review on the merits before the objective reasonableness determination significantly mitigates the concern expressed in Pierce with “the investment of appellate energy” in de novo review. Pierce, 487 U.S. at 561, 108 S.Ct. 2541; see also Cooter & Gell, 496 U.S. at 403-04, 110 S.Ct. 2447. It will not require a significant “investment of appellate energy” for an appellate panel that has already addressed the merits to then determine if, under the correct law, a litigant was objectively unreasonable. Quite the contrary; the merits panel is typically better situated to make that determination than the district court, and remand for a district court’s determination of objective reasonableness in light of the appellate merits determination would often be wasteful. The Federal Circuit brings to the table useful expertise. Our court sees far more patent cases than any district court, and is well positioned to recognize those “exceptional” cases in which a litigant could not, under the law, have had a reasonable expectation of success.
III
Patent cases present complex legal issues. The interests of the parties, the legal system and the public are best served if both patentees and accused infringers are able to present reasonable legal positions without fear of sanctions. Unlike Rule 11, section 285 provides no safe harbor that allows a party to withdraw its case and thereby avoid the possibility of sanctions. De novo appellate review of the objective reasonableness defense assures uniformity in the treatment of patent litigation, insofar as reasonableness is the governing issue. At the same time, district courts will continue to play an important role in determining whether the subjective good faith prong of the applicable test has been satisfied and whether, if the legal predicates for a sanctions award have been satisfied, an award is desirable in a particular case.

. Bard's clarification of Seagate’s objective prong was authorized by an en banc order granting rehearing "for the limited purpose of authorizing the panel to revise the portion of its opinion addressing willfulness.” En Banc Order No.2010-1510 (Fed. Cir. June 14, 2012).

. None of our prior opinions involved a dispute between the litigants as to whether objective recklessness is a question of law to be reviewed de novo on appeal. Because this issue was never discussed, prior cases are not binding precedents on this point. See Brecht v. Abrahamson, 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) ("[Sjince we have never squarely addressed the issue, and have at most assumed the applicability of the ... standard ... we are free to address the issue on the merits.”); Nat'l Cable Television Ass’n v. Am. Cinema Editors, Inc., 937 F.2d 1572, 1581 (Fed.Cir.1991) (opinions that appear to apply a standard, but "with little or no analysis,” are "not precedent to be followed in a subsequent case in which the issue arises”); see also Boeing N. Am., Inc. v. Roche, 298 F.3d 1274, 1282 (Fed.Cir.2002) (collecting cases).

. For enhanced damages, see, e.g., Krippelz v. Ford Motor Co., 667 F.3d 1261, 1264-65 (Fed.Cir.2012) ($21 million in enhanced damages); i4i Ltd. P'ship v. Microsoft Corp., 598 F.3d 831, 858 (Fed.Cir.2010) ($40 million in enhanced damages); Muniauction, Inc. v. Thomson Corp., 532 F.3d 1318, 1323 (Fed.Cir.2008) ($38,482,008.00 in enhanced damages).
For attorneys’ fees, see, e.g., MarcTec, LLC v. Johnson & Johnson, 664 F.3d 907, 910 (Fed.Cir.2012) ($4,683,653.03 in attorneys' and experts’ fees and expenses); Lazare Kaplan Int’l, Inc. v. Photoscribe Techs., Inc., 628 F.3d 1359, 1366 (Fed.Cir.2010) (over $6 million in attorneys’ fees); Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc., 549 F.3d 1381, 1385 (Fed.Cir.2008) ($16.8 million in attorneys’ fees).

. E.g., Meyer Intellectual Props., Ltd. v. Bodum, Inc., 690 F.3d 1354 (Fed.Cir.2012); Bard, 670 F.3d 1171; i4i Ltd. P’ship v. Microsoft Corp., 598 F.3d 831 (Fed.Cir.2010); ICU Med., Inc. v. Alaris Med. Sys., Inc., 558 F.3d 1368 (Fed.Cir.2009); see also Highmark, 687 F.3d 1300 (addressing damages after a prior merits appeal); MarcTec, LLC v. Johnson & Johnson, 664 F.3d 907, 910 (Fed.Cir.2012) (same).