**DELTA–X CORPORATION,**
Plaintiff–Appellant,

v.

**BAKER HUGHES PRODUCTION
TOOLS, INC., and Baker CAC,
Defendants/Cross–Appellants.**

Nos. 92–1013, 92–1035.

United States Court of Appeals,
Federal Circuit.

Jan. 8, 1993.

David B. Dickinson, Butler, Ewalt & Hailey, Houston, TX, argued, for plaintiff-appellant.

Gordon L. Roberts, Parsons, Behle & Latimer, Salt Lake City, UT, argued, for defendants/cross-appellants. With him on the brief, were David G. Mangum and C. Kevin Speirs. Also on the brief, was Robert A. Felsman, Felsman, Bradley, Gunther & Dillon, Fort Worth, TX.

Before ARCHER, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.

RADER, Circuit Judge.

Delta–X Corporation sued Baker Hughes Production Tools, Inc. and Baker CAC (collectively Baker) for infringement of United States Patent No. 4,286,925 (the '925 patent). A jury found that Baker willfully infringed the '925 patent under the doctrine of equivalents. The United States District Court for the Western District of Texas, however, both set aside the jury's willfulness finding and denied Delta–X's request for enhanced damages, attorney fees, and costs. *Delta–X Corp. v. Baker Hughes Prod. Tools, Inc.,* No. MO–90–CA–177 (W.D.Tex. July 29, 1991) (Memorandum Opinion and Judgment); *Delta–X Corp. v. Baker Hughes Prod. Tools, Inc.,* No. MO–

90–CA–177 (W.D.Tex. Sept. 4, 1991) (Order and Amended Judgment). Delta–X appeals these decisions. Baker cross-appeals the infringement judgment, challenging the jury instructions.

Because Baker did not move for a directed verdict, the district court's grant of judgment notwithstanding the verdict (JNOV) was error. However, it was harmless error because the district court properly denied Delta–X's request for enhanced damages, attorney fees, and costs. Finally, this court finds no prejudicial error in the jury instructions. Therefore, this court affirms the district court's judgment.

## BACKGROUND

Delta–X is the assignee of the '925 patent, a "Control Circuit for Shutting Off the Electric Power to a Liquid Well Pump." The '925 patent discloses a mechanism for shutting off power to a well experiencing "fluid pound." Fluid pound occurs when the reciprocating rod of an oil pump, usually submerged, rises out of an abnormally low oil level within the well. As the rod cycles down the well hole, the rod end hits or "pounds" the fluid surface. Fluid pound can damage the reciprocating rod.

At trial Delta–X charged that Baker's rod pump controllers infringed claims 1 and 2 of the '925 patent. The parties sharply disagreed about the meaning of the term "electrical comparator" in claim 1.[1] At the close of evidence, Baker objected to the jury instructions concerning infringement. Baker, however, did not move for directed verdict. The jury found that Baker willfully infringed the '925 patent under the doctrine of equivalents. After trial, Delta–X moved for entry of judgment in its favor, requesting enhanced damages and attorney fees under 35 U.S.C. §§ 284, 285 (1988). Baker moved for entry of judgment without enhanced damages or attorney fees, or

in the alternative, JNOV. Delta–X did not file an opposition to Baker's JNOV motion.

On July 29, 1991, the district court granted Baker's JNOV motion and set aside the jury's finding of willful infringement and denied Delta–X's request for increased damages. On September 4, 1991, the district court denied Delta–X's request for attorney fees and ordered each party to bear its own costs.

## DISCUSSION

### JNOV Ruling

■ This court reviews procedural matters without an essential relationship to its statutory mandate as a national court of appeals under the law of the district court's regional circuit. *Biodex Corp. v. Loredan Biomedical, Inc.,* 946 F.2d 850, 858, 20 USPQ2d 1252, 1259 (Fed.Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2957, 119 L.Ed.2d 579 (1992); *DMI, Inc. v. Deere & Co.,* 802 F.2d 421, 428, 231 USPQ 276, 280 (Fed.Cir.1986). Therefore, this court looks to the law of the United States Court of Appeals for the Fifth Circuit to determine the import of Baker's failure to move for directed verdict.

■ Federal Rule of Civil Procedure 50 prevents a district court from entering JNOV unless the movant has first moved for directed verdict at the close of evidence. *Seidman v. American Airlines, Inc.,* 923 F.2d 1134, 1137 (5th Cir.1991). Without satisfying Rule 50, a party cannot challenge the sufficiency of the evidence through a JNOV motion. *Bohrer v. Hanes Corp.,* 715 F.2d 213, 216 (5th Cir.1983), *cert. denied,* 465 U.S. 1026, 104 S.Ct. 1284, 79 L.Ed.2d 687 (1984). This requirement both enables the trial court to re-examine the sufficiency of evidence as a matter of law if the jury returns a verdict contrary to the movant and alerts the opposing party

---

**1.** Claim 1 of the '925 patent claims in pertinent part:

A control circuit for shutting off the electrical power to the drive motor which reciprocates the polished rod of a liquid well pump comprising,
strain gauge load measuring means ...
position measuring means ...

a first *electrical comparator* connected to the load measuring means measuring the polished rod load relative to a preset load point, a second *electrical comparator* connected to the positioned measuring means measuring the polished rod position relative to a preset position....
(Emphasis added.)

to insufficiencies in time to cure defects in proof. *Id.*[2]

■ Baker concedes that it did not move for directed verdict. Thus, the district court erred in setting aside on JNOV the jury's finding of willfulness. Without compliance with Rule 50, Baker's JNOV motion was not properly before the trial court. Therefore, this court reverses the district court's grant of JNOV and reinstates the jury's finding of willfulness.

### Enhanced Damages, Attorney Fees, and Costs

■ Because the trial court court independently determined that Delta–X had not shown entitlement to enhanced damages, attorney fees, and costs, however, the district court's grant of Baker's JNOV motion was harmless error. In its July 29, 1991, Memorandum Opinion and Judgment, the district court concluded that Delta–X was not entitled to enhanced damages under 35 U.S.C. § 284. In its September 4, 1991, Order and Amended Judgment, the district court denied Delta–X's motion for costs and attorney fees. Absent an abuse of discretion, this court upholds decisions on award of enhanced damages, *Modine Manufacturing Co. v. Allen Group, Inc.*, 917 F.2d 538, 543, 16 USPQ2d 1622, 1625 (Fed. Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2017, 114 L.Ed.2d 103 (1991), attorney fees, *J.P. Stevens Co. v. Lex Tex Ltd.*, 822 F.2d 1047, 1050, 3 USPQ2d 1235, 1237 (Fed. Cir.1987), and costs, *Syntex Ophthalmics,*

*Inc. v. Novicky,* 795 F.2d 983, 986, 230 USPQ 427, 430 (Fed.Cir.1986).

■ A showing of willful infringement or bad faith must support an award of enhanced damages. *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1578, 17 USPQ2d 1553, 1555 (Fed.Cir.1991). Enhanced damages are punitive, not compensatory. *Id.* at 1579. Therefore, an infringer may generally avoid enhanced damages with a meritorious good faith defense and a substantial challenge to infringement. *Paper Converting Mach. Co. v. Magna–Graphics Corp.*, 745 F.2d 11, 20, 223 USPQ 591, 597–98 (Fed.Cir.1984).

■ Before awarding attorney fees, the district court must both classify the case as "exceptional" and exercise its discretion to award fees. *J.P. Stevens*, 822 F.2d at 1050. A determination of exceptionality is a question of fact. *S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.*, 781 F.2d 198, 201, 228 USPQ 367, 369 (Fed.Cir.1986).

In cases where the claimant has prevailed, this court reviews the award of costs under 35 U.S.C. § 284. Section 284 of the Patent Act provides an express provision regarding cost awards:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement ... together with interest and costs as fixed by the court.

35 U.S.C. § 284.[3] In this case, the district court applied Rule 54(d), which states:

---

**2.** Delta–X did not oppose Baker's JNOV motion until after the motion was granted. Baker argues that this court should not allow Delta–X to challenge the JNOV motion for the first time on appeal. In *Texas v. United States*, 730 F.2d 339, 358, n. 35 (5th Cir.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 267, 83 L.Ed.2d 203 (1984), the Fifth Circuit stated that it will not generally consider an issue for the first time on appeal. Application of this general rule, however, is within the appellate court's discretion on a case-by-case basis. *Id.* In particular, the Fifth Circuit may address an issue for the first time on appeal if it concerns a pure question of law or if the proper resolution of the issue is beyond doubt. *Id.; see also Atlantic Mut. Ins. Co. v. Truck Ins. Exch.*, 797 F.2d 1288, 1293 (5th Cir.1986); *Callejo v. Bancomer, S.A.*, 764 F.2d 1101, 1117 n. 20 (5th Cir.1985). The implications of electing not to move for a directed verdict raise a pure question of law with a resolution beyond doubt. Applying the law of the Fifth Circuit, this court addresses the propriety of the JNOV motion in the absence of a directed verdict motion.

**3.** This court has applied Rule 54(d) to determine cost awards in patent cases where the patentee did not win the infringement claim and hence the cost provision of 35 U.S.C. § 284 was not triggered. *See, e.g., Mathis v. Spears*, 857 F.2d 749, 8 USPQ2d 1551 (Fed.Cir.1988); *Syntex Ophthalmics, Inc. v. Novicky*, 795 F.2d 983, 230 USPQ 427 (Fed.Cir.1986); *Reactive Metals & Alloys Corp. v. ESM, Inc.*, 769 F.2d 1578, 226 USPQ 821 (Fed.Cir.1985); *SSIH Equip. S.A. v. United States Int'l Trade Comm'n*, 718 F.2d 365, 218 USPQ 678 (Fed.Cir.1983); *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 220 USPQ 193 (Fed. Cir.1983).

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs....

Fed.R.Civ.P. 54(d) (1988). When a court awards damages for infringement, section 284's express provision—rather than the general provision of Rule 54(d)—governs the award of costs.

Section 284, like Rule 54(d), gives the district court discretion in awarding costs. *Smithkline Diagnostics, Inc. v. Helena Lab. Corp.*, 926 F.2d 1161, 1168–69, 17 USPQ2d 1922, 1928 (Fed.Cir.1991) ("Considering the case as a whole, and the district court's stated reasons, we see no abuse of discretion in that court's declining to make an award of costs in favor of the [claimant] under 35 U.S.C. § 284."); *cf. General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 656–57, 103 S.Ct. 2058, 2063, 76 L.Ed.2d 211 (1983) ("We do not construe § 284 as requiring the award of prejudgment interest whenever infringement is found. That provision states that interest shall be 'fixed by the court,' and in our view it leaves the court some discretion in awarding prejudgment interest.") Therefore, by exercising its discretion under Rule 54(d), the district court in this case also satisfied the requirements of section 284. When considering costs after awarding infringement damages, a district court proceeds under section 284. The primary difference between section 284 and Rule 54(d) is that section 284 requires the district court to refer to this court's precedent to determine the bounds of its discretion.

■ For good reasons, this court affords trial judges discretion to award enhanced damages and attorney fees. *See King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 866–67, 226 USPQ 402, 411–12, (Fed.Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1197, 89 L.Ed.2d 312 (1986). The trial judge, after presiding over the preparation and trial of the case, can best weigh the relevant considerations, such as the closeness of the case, the tactics of counsel, the flagrant or good faith character of the parties' conduct, and any other factors contributing to imposition of punitive sanctions or to fair allocation of the burdens of litigation. *Modine*, 917 F.2d at 543; *S.C. Johnson*, 781 F.2d at 201.

■ This court detects no abuse of discretion in the district court's rulings on enhanced damages, attorney fees, or costs. The district court thoroughly considered a variety of factors and declined Delta–X's requests. With regard to enhanced damages, the district court noted that the trial record showed no copying of Delta–X's patent by Baker and no intentional infringement of the '925 patent. Moreover the record showed that Baker in good faith concluded that its device did not infringe. Baker also mounted a substantial challenge to infringement. Finally, the district court afforded little weight to that portion of Delta–X's testimony on willfulness that was based on recollections of a conversation with an unidentified person. Although Baker did not obtain an opinion of counsel about the likelihood of infringement, the district court, citing *Nickson Industries v. Rol Manufacturing Co.*, 847 F.2d 795, 800, 6 USPQ2d 1878, 1881 (Fed.Cir.1988), correctly noted that failure to obtain legal advice does not mandate a finding of willfulness or bad faith.

In denying Delta–X's motion for attorney fees and costs, the district court weighed many of these same factors again. In addition, the trial court concluded that Baker "did not act in bad faith with respect to the '925 patent in issue in this case." On review of the record, this court detects no abuse of the district court's discretion to deny Delta–X's request for enhanced damages, attorney fees, and costs.

## Jury Instructions

Baker's cross-appeal seeks a new trial due to allegedly prejudicial jury instructions on the infringement doctrine. More specifically, Baker contends that a few isolated references in the instructions may have given the jury mixed messages about its role in interpreting the patent claims. Although correctly instructing the jury to compare the properly interpreted claims to

the accused device, the instructions suggested that the judge would interpret the claims. Because of disputes over claim terms, the judge instead left resolution of these disputes to the jury.

 This court reviews jury instructions for prejudicial legal error. *Jamesbury Corp. v. Litton Indus. Prods.*, 756 F.2d 1556, 1558, 225 USPQ 253, 255 (Fed. Cir.1985). After viewing instructions in their entirety, this court only orders a new trial when errors in the instructions as a whole clearly misled the jury. *Railroad Dynamics, Inc. v. A. Stucki Co.*, 727 F.2d 1506, 1518, 220 USPQ 929, 939 (Fed.Cir.), *cert. denied*, 469 U.S. 871, 105 S.Ct. 220, 83 L.Ed.2d 150 (1984). Moreover, to prevail on a challenge to jury instructions, a party must show both fatal flaws in the jury instructions and a request for alternative instructions which could have corrected the flaws. *Biodex*, 946 F.2d at 862.

 At trial Baker objected to the jury instructions. Baker asked the judge to interpret the claims and resolve issues about the meaning of the word "comparator" in the claims. More specifically, Baker requested that the judge instruct the jury that, as a matter of law, a comparator and a computer are not the same thing. The district judge denied Baker's request and instead submitted the disputed matter to the jury. Baker now argues that the district court instructed the jury that the court would interpret the claims but never did so as promised. Baker argues, therefore, that the court cannot be certain that the jury properly interpreted the claims. This court disagrees.

Although excerpts from certain jury instructions suggest that the court might interpret the claims for the jury, the instructions are not misleading when viewed in their entirety. *See Railroad Dynamics*, 727 F.2d at 1518. For example, Baker ignores the following jury instructions:

> [I]f Baker's Pump–Off controllers include all of the components or parts of either of these claims, as the words of the claim are interpreted by you in accordance with these instructions, then Baker's products literally infringe the claim.

> ....

> You are instructed "literal" infringement of a patent claim occurs when the Baker product includes all of the elements recited in the claim, using the meaning and scope of the words of the claim as you have determined, in accordance with the instructions which I have given you.

> ....

> In determining whether or not there is infringement, you must compare Baker's Pump–Off controllers alleged to infringe the '925 patent with the patent claims one and two, as interpreted.

In sum, these instructions make it clear that the court instructed the jury to resolve evidentiary disputes over claim terms. The court's instructions then advised the jury to determine whether Baker's products infringed. Because it returned a finding of infringement, the jury must have resolved the evidentiary dispute over the meaning of "electrical comparator." This court concludes that Baker did not show any error in the jury instructions, when read as a whole, so egregious as to mislead the jury and require a new trial. *Jamesbury*, 756 F.2d at 1560.

## CONCLUSION

Although the district court erred in granting Baker's JNOV motion in the absence of a motion for directed verdict, this error was harmless. The district court did not abuse its discretion in declining to award Delta–X enhanced damages, attorney fees, and costs. Finally the trial court's jury instructions on infringement were not prejudicial. Therefore this court affirms the district court's decision.

AFFIRMED.