**APPLIED MEDICAL RESOURCES CORP., Plaintiff,**

v.

**UNITED STATES SURGICAL CORP., Defendant.**

**Civil Action No. 96–1217–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

June 10, 1997.

John P. Corrado, Kathryn Marrone, Hazel & Thomas, P.C., Alexandria, VA, for Plaintiff; Stephen C. Neal, Scott D. Devereaux, Michelle G. Galloway, Cooley Godward, L.L.P., Palo Alto, CA, of counsel.

Gregory L. Murphy, F. Allen Phaup, II, Murphy Morris & Mitchell, P.C., Alexandria, VA, for Defendant; Harvey Kurzweil, Clark E. Walter, Lawrence Brocchini, Dewey Ballantine, New York City, of counsel.

### MEMORANDUM OPINION

ELLIS, District Judge.

This patent infringement action came before the Court for trial by jury on April 15, 1997. In the course of a jury trial that spanned fourteen days, the parties presented testimonial and documentary evidence on the issues raised by the complaint of plaintiff Applied Medical Resources Corporation ("Applied") and the answer and counterclaim of defendant United States Surgical Corporation ("Surgical"), namely,

(1) whether surgical trocar products manufactured and sold by Surgical infringed certain claims of three United States Patents owned by Applied covering surgical trocar seal technology;

(2) whether Surgical's infringement, if any, was willful;

(3) whether Applied's patent claims alleged to be infringed were invalid;

(4) the amount of damages, if any, suffered by Applied as a result of Surgical's infringement;

(5) whether surgical trocar products manufactured and sold by Applied infringed a

claim of a United States Patent owned by Surgical covering surgical trocar safety latch and shield technology;

(6) whether Applied's infringement, if any, was willful;

(7) whether Surgical's patent claim alleged to be infringed was invalid; and

(8) the amount of damages, if any, suffered by Surgical as a result of Applied's infringement.

At the conclusion of the evidence, arguments of counsel, and the Court's instructions, the matter was submitted to the jury, which after one and one-half days of deliberation returned a unanimous verdict in favor of Applied. Specifically, the jury found that Surgical willfully infringed each of the asserted claims of Applied's patents in suit, and that none of these asserted claims was invalid. Having made these findings, the jury then assessed compensatory damages in the form of a seven percent (7%) royalty on Surgical's sale of infringing products. Finally, the jury concluded that Applied had not infringed the asserted claim of Surgical's patent in suit.

The matter is now before the Court on Applied's motion requesting (i) enhanced damages, and (ii) attorneys' fees. The matter has been argued orally and in writing, and is now ripe for disposition.

### I.

■■■ The Patent Act permits a court to increase damages awarded in infringement actions "up to three times the amount found or assessed." 35 U.S.C. § 284. The decision whether to increase damages, and the determination of the amount of any increase, is within the discretion of the trial court and is informed by the totality of the circumstances of the matter litigated. *See, e.g., American Medical Sys. Inc. v. Medical Engineering*

*Corp.,* 6 F.3d 1523, 1532 (Fed.Cir.1993), *cert. denied,* 511 U.S. 1070, 114 S.Ct. 1647, 128 L.Ed.2d 366 (1994). The damages enhancement decision involves a two-step process. First, willful infringement must be established at trial. See, *e.g., Delta–X Corp. v. Baker Hughes Prod. Tools, Inc.,* 984 F.2d 410, 413 (Fed.Cir.1993). Next, the district court must decide whether to exercise its discretion to enhance damages up to three times the amount awarded to the prevailing party. *Id.* Applied has proven willful infringement at trial. Thus, the Court must now determine the amount of enhanced damages, if any, to award to Applied in this matter.

■■■ A finding of willful infringement does not require an increase in damages, much less the trebling of damages. *See, e.g., Goodwall Const. Co. v. Beers Const. Co.,* 991 F.2d 751, 758 (Fed.Cir.1993). To the contrary, even where willful infringement is established, enhanced damages may be avoided where an infringer mounts a meritorious good-faith defense and a strong challenge to infringement. *See, e.g., Delta–X Corp.,* 984 F.2d at 413. Yet, where a jury has found willful infringement, a district court must provide reasons for refusing to enhance damages. *See Jurgens v. CBK. Ltd.,* 80 F.3d 1566, 1572 (Fed.Cir.1996). And in so doing, the district court must take care to avoid second guessing the jury or contradicting its findings. Id. at 1572–74.[1]

■■■ In awarding enhanced damages, a district court considers both aggravating and mitigating circumstances in an effort to gauge or assess, in a qualitative fashion, the egregiousness of the infringer's conduct. *See, e.g., Read Corp. v. Portec, Inc.,* 970 F.2d 816, 826 (Fed.Cir.1992). This is so because "[t]he amount of enhancement must bear some relationship to the level of culpability of the conduct." *Graco, Inc. v. Binks Mfg. Co.,* 60 F.3d 785, 794 n. 4 (Fed.Cir.1995). The

---

1. In *Jurgens,* the Federal Circuit observed that based on the jury instructions and the facts presented, the jury necessarily found (i) that reliance on an opinion of counsel was not in good faith, (ii) that the infringer had actual notice of the patent in suit, and (iii) that defendant had acted in bad faith. *Id.* at 1572. Yet, the district court in that case found enhanced damages were not warranted because of (i) unclear marking of plaintiff's products practicing the patent in suit, and (ii) defendant's reliance on an opinion of counsel. *Id.* The Federal Circuit reversed, concluding that the district court's reasoning necessarily and improperly involved a rejection of the jury's findings. *Id.*

Federal Circuit has articulated nine factors that district courts should consider in assessing an infringer's culpability and the appropriate amount of enhanced damages. *See Read*, 970 F.2d at 827. Specifically, these nine factors are:

1. whether the infringer deliberately copied the ideas or design of another;
2. whether the infringer investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed;
3. the infringer's behavior as a party to the litigation;
4. the infringer's size and financial condition;
5. the closeness of the case;
6. the duration of the infringer's misconduct;
7. remedial action by the infringer;
8. the infringer's motivation for the harm; and
9. the infringer's attempts to conceal its infringement.

*Id.* at 827.

■ As the nature of these factors suggests, a district court's assessment of the propriety and amount of enhanced damages is necessarily qualitative, not quantitative. The essential goal, at least in part, is to evaluate "the degree of the infringer's culpability...." *Read*, 970 F.2d at 828. For this there is no mathematical formula, nor any quantitative prescription that yields a precise result. Rather, district courts must exercise their best judgment after careful consideration of all relevant circumstances, including the nine *Read* factors. And as further confirmation of the qualitative nature of the assessment required, the district court's decision in this regard is reviewed on an abuse of discretion standard. *See, e.g., Goodwall Const.*, 991 F.2d at 758.

■ These settled Federal Circuit principles, applied here, point persuasively to the conclusion that the facts of this case justify some enhancement of damages. Thus, Applied adduced evidence at trial that Surgical copied Applied's surgical trocar technology,[2] and this evidence was countered by only modest evidence from Surgical of its independent development of the seal technology in its trocars. Further, Applied's evidence established that Surgical had obtained two opinions of patent counsel with respect to whether the patents in suit were invalid or not infringed, but Surgical chose not to rely on those opinions at trial. Thus, Applied strenuously argued the inference, resulting from Surgical's decision not to rely on the opinions, that the opinions were unfavorable to Surgical.[3]

---

[2]. Applied adduced testimony that it had demonstrated its seal technology for Surgical, that Surgical had sought to purchase this technology in 1992, and that Surgical subsequently acquired both a prototype and drawings of this seal technology. While Surgical asserted that the prototype was not evaluated or tested by its engineers, other record evidence rebutted that contention.

[3]. Surgical, it appears, had obtained two opinions of counsel concerning infringement and validity of Applied's patents, the first dated May 1995 and the second December 1995. Yet, throughout the litigation up to the conclusion of Applied's case in chief, Surgical steadfastly refused to waive its attorney-client privilege and, thus, did not rely on opinions of counsel at trial to establish a good-faith belief in the invalidity or non-infringement of the asserted claims of Applied's patents in suit. After Applied had rested, Surgical sought to introduce the opinions of counsel to rebut the inference that these opinions were adverse to Surgical. This request was denied by the Court as untimely and unfair to Applied. Surgical now attempts to submit the two opinions of counsel in connection with its opposition to Applied's request for enhanced damages, contending that the district court is free to consider evidence outside of the trial record in evaluating the propriety of enhanced damages. *See ALM Surgical Equip., Inc. v. Kirschner Medical Corp.*, C.A. No. 6:89–1622–3, 1990 WL 123996 at *19, 1990 U.S. Dist. LEXIS 144584, at *58 (D.S.C. April 23, 1990) (considering nine opinions of counsel not produced or relied on by infringer at trial, but concluding that they supported the jury's conclusion of willful infringement). To be sure, in some circumstances it may be appropriate to consider opinions of counsel not produced at trial for the purposes of assessing whether enhanced damages are warranted. But these are not such circumstances. While Surgical's opinions conclude that its products do not infringe and that (in part for reasons not asserted by Surgical at trial) Applied's patents are invalid, the opinions are inherently unreliable. This is so because Applied has not had the opportunity to assess the basis and reliability of these opinions through the discovery of prior drafts or the cross-examination of witnesses. In the facts of this case, concerns of reliability and fairness lead to

Yet, trebling of damages is not warranted in the instant case given the totality of the circumstances. The evidence of willful infringement, in general, and of copying, in particular, was not overwhelming. To the contrary, the evidence of willful infringement, while adequate to support the jury's verdict, was quite close. The case was also close on the questions of infringement and patent invalidity. To be sure, Applied won a jury verdict on each count of infringement asserted, and the jury rejected each of Surgical's invalidity defenses. Yet, this result does not compel the conclusion that questions resolved by the jury were not closely balanced and hotly contested. To the contrary, Surgical's anticipation and best mode defenses presented several difficult factual disputes which, in the final analysis, were resolved by the jury in favor of Applied. Moreover, Surgical's accused products were not physically identical to the claimed invention, and were found to infringe based on either the Doctrine of Equivalents or equivalent structures literally covered by means plus function language pursuant to 35 U.S.C. § 112. *See, e.g., Valmont Indus. v. Reinke Mfg.*, 983 F.2d 1039, 1043 (Fed.Cir.1993) (explaining and comparing Doctrine of Equivalents and § 112 means plus function equivalents). Of course, a finding of infringement based on either equivalence theory does not, in every case, imply that the infringement question was close. Yet, in this case, Surgical adduced substantial evidence and expert testimony of non-infringement, resulting in a close case on the infringement of Applied's patents in suit.

In the final analysis, Applied's request for enhanced damages must be granted, and enhanced damages are awarded in the amount of one-third the compensatory damages of $14,768,564.00 awarded in this case. This amount of enhancement reflects a qualitative assessment of Surgical's culpability in this infringement suit, in light of the *Read* factors [4] and the totality of the circumstances.

## II.

■■■ Applied further requests an award of attorneys' fees in the instant case.[5] Attorneys' fees are awarded in patent cases only in "exceptional cases." 35 U.S.C. § 285.[6] Thus, the decision to award attorneys' fees is a two-step process requiring (i) proof that a case is "exceptional", and (ii) the district court's exercise of discretion to award attorneys' fees to a prevailing party. The award of attorneys' fees pursuant to § 285 has a two-fold purpose: (i) to discourage infringement by penalizing the infringer, and (ii) to prevent "gross injustice" where an infringer has litigated in bad faith. *See, e.g., Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1552 (Fed.Cir.1989).

■■■ A prevailing party seeking an award of attorneys' fees has the burden of proving the exceptional character of the case by clear and convincing evidence. *See, e.g., Beckman Instruments, Inc.*, 892 F.2d at 1551. A finding of willful infringement, however, is sufficient to support an award of attorneys' fees. *See, e.g., Avia Group Int'l v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1566 (Fed.Cir.1988); *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1329 (Fed.Cir.1987). Indeed, a district court must explain the failure to award attorneys' fees in the face of a finding of willful in-

the conclusion that Surgical's opinions of counsel should not be considered.

4. On the facts of this case, the evidence of copying and the closeness of both the infringement and willfulness questions are the most significant *Read* factors to be considered in assessing whether damages should be enhanced. The remaining factors have also been considered, and those factors are either neutral, immaterial or generally supportive of the result reached here.

5. Applied's counsel, responding to the Court's direction, submitted a preliminary estimate of the law firm's fee claim indicating that lawyers in the firm had devoted a total of 17,120 hours to the case at hourly rates ranging from $135–375. Moreover, local counsel had devoted a total of 515 hours at the hourly rate of $215 The preliminary estimate of attorneys' fees was $2,640,000, not including costs. In this regard, it is worth noting that the case was filed on August 30, 1996 and the jury's verdict was rendered on April 29, 1997.

6. Section 285 provides that

The court in exceptional cases may award reasonable attorney fees to the prevailing party.

35 U.S.C. § 285.

fringement. *See, e.g., Modine Mfg. Co. v. Allen Group, Inc.,* 917 F.2d 538, 543 (Fed. Cir.1990), *cert. denied,* 500 U.S. 918, 111 S.Ct. 2017, 114 L.Ed.2d 103 (1991). Yet, the Federal Circuit has made clear that a finding of willful infringement does not compel attorneys' fees, the award of which remains a matter of discretion. *See, e.g., Avia Group,* 853 F.2d at 1567. Thus, in determining whether to award attorneys' fees, a finding of willful infringement is always an important factor and can be a sufficient basis for such an award.

■ For the same reasons that militated in favor of a partial enhancement, rather than a trebling, of damages, this case does not present "exceptional" circumstances warranting the award of attorneys' fees pursuant to 35 U.S.C. § 285. Specifically, the closeness of the willfulness and infringement evidence and Surgical's assertion of substantial invalidity defenses negates the conclusion that this case is "exceptional".

Moreover, even were this case "exceptional", attorneys' fees would not be awarded. An award of attorneys' fees, in the circumstances of this case, would not further the dual purposes of § 285, namely, penalizing infringement or preventing "gross injustice" caused by litigation in bad faith. *Beckman Instruments, Inc.,* 892 F.2d at 1551; *see also Revlon, Inc. v. Carson Prods. Co.,* 803 F.2d 676, 679 (Fed.Cir.), *cert. denied,* 479 U.S. 1018, 107 S.Ct. 671, 93 L.Ed.2d 722 (1986) (attorneys' fees awarded to avoid "gross injustice"). First, the total damages award adequately penalizes Surgical for the willful infringement of Applied's patents. Further, Applied suffered no "gross injustice" from bad faith litigation conduct on the part of Surgical. The parties were both sophisticated participants in the surgical products market, and were well represented by talented, expensive counsel that ably presented many hotly contested issues of law and fact. While Surgical lost on the questions of invalidity and non-infringement at trial, its conduct during the litigation was neither frivolous nor vexatious. And while Surgical is a good deal larger than Applied, the facts of this case do not support a contention that Surgical used its greater resources to abuse the patent and litigation process or subjugate a smaller rival.

In the final analysis, the Court concludes (i) that this case does not present the "exceptional" circumstances required by 35 U.S.C. § 285, notwithstanding the finding of willful infringement, and, in the alternative, (ii) that the Court would not exercise its discretion to award attorneys' fees to Applied even were "exceptional" circumstances present. Accordingly, Applied's motion for the award of attorneys' fees must be denied.

In sum, Applied is not entitled to attorneys' fees, but is entitled to the award of enhanced damages in the amount of 33.3% of compensatory damages. Compensatory damages were awarded in the amount of $14,768,564.00. Thus, the amount of enhanced damages awarded is $4,917,931.81. No pre-judgment interest is appropriate on the enhancement portion of the damages. *See Beatrice Foods v. New England Printing,* 923 F.2d 1576, 1580 (Fed.Cir.1991) ("[P]rejudgment interest may be based only on the compensatory portion of the damages award ... and not on the enhanced additional damages...."); *Underwater Devices Inc. v. Morrison–Knudsen Co.,* 717 F.2d 1380, 1389 (Fed.Cir.1983) ("[P]rejudgment interest can only be applied to the primary or actual damage portion and not to the punitive or enhanced portion."); *see generally General Motors v. Devex Corp.,* 461 U.S. 648, 655, 103 S.Ct. 2058, 2062, 76 L.Ed.2d 211 (1983) (prejudgment interest is intended to put patent owner in position he would have been had the infringer entered a reasonable royalty agreement). Post-judgment interest should be calculated pursuant to 28 U.S.C. § 1961.

The Clerk is directed to send copies of this Order to all counsel of record.