TRISTRATA TECHNOLOGY,
INC., Plaintiff,

v.

ICN PHARMACEUTICALS,
INC., Defendant.

No. CIV.A.01–150–JJF.

United States District Court,
D. Delaware.

April 12, 2004.

Arthur G. Connolly, III, Esquire and Francis DiGiovanni, Esquire of Connolly, Bove, Lodge & Hutz LLP, Wilmington, Of Counsel: Michael O. Warnecke, Esquire, David R. Melton, Esquire, and Douglas L. Sawyer, Esquire of Mayer, Brown, Rowe & Maw LLP, Chicago, IL, Kevin M. McGovern, Esquire and Brian T. Foley, Esquire of McGovern & Associates, Greenwich, CT, for Plaintiff Tristrata Technology, Inc.

Steven J. Balick, Esquire of Ashby & Geddes, Wilmington, Of Counsel: Raymond A. Kurz, Esquire, Celine Jimenez Crowson, Esquire, and H. Keeto Sabharwal, Esquire of Hogan & Hartson, LLP, Washington, D.C., for Defendant ICN Pharmaceuticals, Inc.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court are two motions filed by Tristrata Technology, Inc. ("Tristrata"), the Motion To Strike Timmons Declaration (D.I.212) and the Motion For Enhanced Damages, Attorney's Fees And Expenses. (D.I.184.) For the reasons discussed, the Motion to Strike will be granted and the Motion for Enhanced Damages will be denied.

## BACKGROUND

Following the close of evidence, the jury returned a verdict finding that ICN Pharmaceuticals, Inc.'s ("ICN") products infringed claims 1, 9, 17, and 25 of U.S. Patent No. 5,561,157 (the "'157 patent") and claims 19, 20, and 26 of U.S. Patent No. 5,665,776 (the "'776 patent"). The jury found that ICN's infringement was willful and that none of the claims at issue were invalid. The jury awarded Tristrata a reasonable royalty amount of $846,000.

By its Motions, Tristrata seeks: 1) to preclude ICN from relying on the Timmons Declaration in its opposition to the Motion for Enhanced Damages; and 2) an order granting it enhanced damages and attorney's fees and costs.

## I. Tristrata's Motion To Strike Timmons Declaration (D.I.212)

### A. Parties' Contentions

Tristrata contends that the Court should strike the Timmons Declaration because ICN did not provide discovery on the facts or opinions in the Timmons Declaration or have Mr. Timmons testify as to his opinions at trial. Tristrata maintains that because of ICN's failures, the facts and opinions represented in the Timmons Declaration are inherently unreliable and thus should be excluded. In addition, Tristrata maintains that the Timmons Declaration is an inappropriate attempt by ICN to submit an opinion of counsel after trial in order to defeat Tristrata's Motion for Enhanced Damages.

ICN responds that the Timmons Declaration was only submitted in order to correct misstatements by Tristrata. Further, ICN asserts that it advised Tristrata of the opinions in the Timmons Declaration in its responses to Tristrata's interrogatories. Thus, ICN maintains that Tristrata cannot now complain that it would be prejudiced if the Court were to rely upon the representations in the Timmons Declaration. ICN also maintains that the Timmons Declaration is not an "opinion of counsel," but instead a recitation of facts demonstrating that ICN had a long-held belief that the '157 and '776 patents were invalid.

### B. Decision

As a threshold matter, the Court agrees with ICN that the Timmons Decla-

ration is not the equivalent of a formal opinion of counsel. As submitted by ICN, the Timmons Declaration is largely a chronological survey of correspondence between the parties that ICN contends supports its assertions that it had a long-held belief that the '157 and '776 patents were invalid. However, the Court views the characterization of the Timmons Declaration as irrelevant to the proper disposition of the instant motion. Tristrata's objection to the Timmons Declaration is not based on the fact that it is a formal opinion of counsel; rather, Tristrata objects to the unfairness of ICN's late submission and the corresponding unreliability of its contents as evidence of ICN's lack of willfulness. *See Applied Medical Res. Corp. v. U.S. Surgical Corp.*, 967 F.Supp. 861, 864 n. 3 (E.D.Va.1997) (holding that concerns of fairness and reliability required the exclusion of opinion of counsel evidence that was not admitted at trial or produced in discovery).

With respect to the fairness of ICN's late submission, the Court concludes that it would be unfair to permit ICN to submit new evidence post-trial regarding its belief that Tristrata's patents were invalid because the Court is not persuaded that ICN's response to Tristrata's interrogatories provided Tristrata with notice that

ICN held a good faith belief that the '157 and '776 patents were invalid. Tristrata's questioning of William H. Kazimier, a Rule 30(b)(6) witness for ICN, at his deposition evidences that Tristrata had no indication from ICN that ICN undertook any investigation about the validity of the '157 and '776 patents prior to developing Glyquin. (D.I. 216, Ex. 2 at 97:6–11.) Further, the interrogatory response ICN maintains provided Tristrata with notice of its long-held belief that the '157 and '776 patents were invalid (D.I.202, Ex. 14) does not discuss any opinion of counsel obtained, independent investigation taken, or conclusions reached immediately following notice of possible infringement.[1] *See Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1276 (Fed.Cir.1999) ("The proper time to assess willfulness is at the time the infringer received notice") (citing *Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1362 (Fed.Cir.1998)). Clearly, therefore, ICN's interrogatory answers did not put Tristrata on notice of ICN's alleged belief, reached prior to or immediately after it received notice of possible infringement, that the patents at issue were invalid.

In addition to the determination that it would be unfair to Tristrata for the Court

1. The Court is also not persuaded that the circumstances in this case make appropriate the Court's consideration of willfulness evidence that was not before the jury. Although in some situations a court may go outside the record when deciding whether to enhance damages, *see Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1311 (Fed.Cir.2001) (citing *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed.Cir.1992)), the Court concludes that the evidence ICN contends should be evaluated by the Court, notwithstanding the fact that it is not part of the trial record or disclosed in discovery, does not fall within the exceptions provided by the Federal Circuit in *Advanced*.

In *Advanced*, the Federal Circuit indicated that evidence relevant to factors a jury is not

in "the best position to assess, such as the 'infringer's behavior as a party to the litigation' and the '[c]loseness of the case'" may properly be considered by a district court when determining whether to enhance damages. *Id.* (alteration in original); *S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.*, 781 F.2d 198, 201 (Fed.Cir.1986). In this case, the exhibits attached to the Timmons Declaration are all directly relevant to the question of whether ICN had a long-held belief that Tristrata's patents were invalid. As fact finder, the jury was in the proper position to evaluate this evidence of willfulness, and therefore, the Court concludes that it does not fall within the exceptions discussed in *Advanced*.

to consider the Timmons Declaration, the Court concludes that the representations in the Timmons Declaration are inherently unreliable. Sections of the Timmons Declaration involve statements that ICN had a long-held belief that the '157 and '776 patents were invalid. The Timmons Declaration represents that ICN's belief was formed from discussions with ICN's trial counsel who concluded that the patents at issue were invalid as anticipated due to ICN's products Solaquin and Eldoquin. ICN does not, however, provide any documentary evidence supporting its contention that its trial counsel concluded, prior to the commencement of litigation, that Tristrata's patents were invalid. To the contrary, the one letter ICN's trial counsel sent to Tristrata in response to a letter accusing ICN's Glyquin product of infringement does not assert that Tristrata's patents are invalid as anticipated. Instead, this letter states that ICN's opinion was that Glyquin did not infringe because the product did not fall within the claims of the '157 and '776 patents. (D.I.202, Ex. 5.) Further, as in *Applied Medical,* Tristrata has had no opportunity to test the reliability of the statements in the Timmons Declaration through discovery or cross-examination. *Applied Medical,* 967 F.Supp. at 864 n. 3.

In sum, the Court concludes that principles of equity and the unreliability of the representations in the Timmons Declaration necessitate its exclusion. Accordingly, the Court will grant Tristrata's Motion to Strike.

## II. Tristrata's Motion For Enhanced Damages, Attorney's Fees And Expenses (D.I.184)

### A. *Parties' Contentions*

Tristrata contends that it is entitled to enhanced damages and attorney's fees based on the factors set forth in *Read Corp. v. Portec, Inc.,* 970 F.2d 816 (Fed. Cir.1992), *abrogated on other grounds, Markman v. Westview Instruments, Inc.,* 52 F.3d 967 (Fed.Cir.1995) (en banc). Tristrata maintains that the record evidence demonstrates that ICN likely copied its patents and that ICN presented no evidence at trial suggesting that it had a good faith belief that Tristrata's patents were invalid or not infringed. Also, Tristrata contends that enhanced damages are appropriate in this case because of ICN's conduct during litigation. Specifically, Tristrata asserts that ICN filed baseless pretrial motions, listed witnesses in the pretrial order that it never intended to call, and committed various unsavory acts at trial. Tristrata also contends that the instant case was not a "close case" and that ICN's actions are exacerbated by the fact that infringement has continued for many years. Further, Tristrata asserts that ICN is a wealthy company that has refused to take any remedial action to cease infringing Tristrata's patents. Tristrata maintains that the aforementioned conduct by ICN also justifies an award of attorney's fees and costs pursuant to 35 U.S.C. § 285.

In response, ICN contends that Tristrata has not provided anything but speculative evidence that it copied Tristrata's patents. ICN maintains that prior to trial (and still today) it believed that Tristrata's patents were invalid. ICN contends that it did not commit any misconduct at trial, and further, that it was Tristrata's pretrial conduct that caused ICN to take the actions Tristrata now characterizes as bad litigation conduct. In addition, ICN maintains that this was a close case. ICN contends that the relatively short time in which the jury returned a finding of validity and infringement is not evidence to the contrary. ICN also contends that the fact that it is a successful company does not justify an enhancement of the jury's award. Further, ICN asserts that the ab-

sence of remedial action in this case was due to Tristrata's delay in bringing suit and not participating in good faith attempts at negotiation. ICN also contends that an award of attorney's fees is not appropriate because this is not an exceptional case.

## B. *Decision*

### 1. *Enhanced Damages*

▬ Pursuant to 35 U.S.C. § 284, a court may enhance damages up to three times the amount of the compensatory damages award. The decision of whether to enhance damages is within the discretion of the district court. *Id.; Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.,* 166 F.Supp.2d 1008, 1040 (D.Del.2001). Courts utilize a two-step test in deciding whether a jury's compensatory damages award should be enhanced. First, the jury must determine whether the infringer acted with culpability. A finding of willful infringement satisfies this culpability requirement. *Jurgens v. CBK, Ltd.,* 80 F.3d 1566, 1570 (Fed.Cir.1996) (citations omitted). Once this predicate step is satisfied, the court must determine whether, given the totality of the circumstances, damages should be enhanced. *Id.* (citing *Read Corp.,* 970 F.2d at 826–27).

▬ Enhanced damages punish a willful infringer, and thus, require a finding of an increased level of culpability, or, in other words, "bad faith infringement." *Jurgens,* 80 F.3d at 1571 (Fed.Cir.1996) (stating, for example, that bad faith infringement is found when an infringer copies another's patent and subsequently attempts to cover-up its actions); *Johns Hopkins,* 978 F.Supp. at 192–193 (holding that the defendant's willful infringement, coupled with its "weak and disingenuous defense of good faith reliance on the advice of counsel" justified the enhancement of damages); *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.,* 166 F.Supp.2d 1008, (D.Del.2001) (holding that despite the jury's finding of willful infringement, which was supported by the record evidence, the enhancement of damages was not warranted because there was no direct evidence of the defendant's culpable mindset). Courts should not automatically enhance damages following a finding of willful infringement because punitive damage penalties deter innovation. Robert L. Harmon, *Patents and the Federal Circuit* 893 (6th ed.2003). Accordingly, punitive damage awards should only be given "in cases where conduct is so obnoxious as clearly to call for them." *Id.*

▬ The Federal Circuit has identified a number of factors a court should consider when evaluating bad faith infringement. These factors include: 1) whether the infringer deliberately copied the patentee's invention; 2) whether the infringer knew of the patents and had a good faith belief that it was not infringing or that the patents were invalid; 3) the infringer's behavior in litigation; 4) the infringer's size and financial condition; 5) whether it was a close case; 6) the duration of the infringing conduct; 7) remedial action taken by the infringer; 8) the infringer's motivation for infringement; and 9) whether the infringer attempted to conceal its misconduct. *Read,* 970 F.2d at 827.

▬ Following the close of evidence and deliberations, the jury returned a finding that ICN committed willful infringement. Thus, the predicate culpability requirement is satisfied. *Jurgens,* 80 F.3d at 1570. With the first enhanced damages inquiry established, the Court must determine whether ICN engaged in conduct that justifies an enhancement of the jury's award. *Jurgens,* 80 F.3d at 1570. After evaluating ICN's actions and the record evidence, the Court concludes that enhanced damages are not appropriate in this case.

With respect to the first *Read* factor, the Court finds no clear evidence that ICN deliberately copied Tristrata's patents. *See Stryker Corp. v. Intermedics Orthopedics, Inc.*, 96 F.3d 1409, 1414 (Fed.Cir. 1996) (noting that the correct "legal standard for determining willfulness for the purpose of increasing damages ... is 'whether the infringer deliberately copied the ideas or design of another'") (quoting and affirming the district court's recitation of the standard for copying). The Court concludes that the Glyquin training manual, presented at trial by Tristrata as evidence of ICN's infringement, standing alone, is not evidence of copying. The Glyquin training manual uses words found in the '157 and '776 patents, specifically "enhancing" and "synergistic"; however, undisputed trial testimony stated that these words would not be unfamiliar to one of ordinary skill in the art. Weighing this fact against the deliberate copying standard, *see id.*, the Court is not persuaded that the Glyquin training manual alone proves ICN copied Tristrata's patents.

Further, the Court is not persuaded that ICN's development of products that fall within the preferred embodiments of the '157 and '776 patents, subsequent to ICN's receipt of letters from Tristrata putting them on notice of its patents, is conclusive proof of deliberate copying. Although Tristrata introduced substantial evidence at trial establishing infringement by ICN, Tristrata presented no proof that ICN developed its Viquin, Glyquin, and Glyquin XM products based on the nonobvious advances of the '157 and '776 patents.

Next, the Court concludes that the third *Read* factor, conduct during litigation, does not weigh in favor of enhancing damages. ICN's pretrial motions, for the most part, were not frivolous. And, with respect to ICN's trial counsel's misconduct during trial, the Court has other sanctions available to deter such behavior if it subsequently deems sanctions appropriate. *See Jurgens*, 80 F.3d at 1571 n. 3; *Read*, 970 F.2d at 831 n. 10 (citing *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1553–54 (Fed.Cir.1989)).

With respect to the fifth *Read* factor, the closeness of the case, the Court concludes that this factor also weighs against enhancing damages. The result of this litigation was largely dependent on a strongly contested claim construction. And, although the Court eventually adopted Tristrata's construction of the term "enhancing amount," ICN's position and suggested construction cannot be deemed frivolous or in bad faith, particularly in light of Tristrata's amendments to its claim charts, which prior to the amendment, can be viewed as supporting ICN's suggested construction. In addition, potentially affecting the outcome of this litigation was the Court's decision to strike a number of ICN's Section 112 defenses in the Memorandum Order dated November 19, 2003. The Court was forced to strike ICN's defenses because of ICN's deficient disclosures in discovery (D.I.159); however, such deficiencies do not establish that this was not a close case nor is it evidence of bad faith infringement.

Next, the Court concludes that the duration of infringement weighs against the enhancement of damages. Following ICN's receipt in 1997 of a letter from Tristrata accusing ICN's Viquin product of infringement, ICN discontinued Viquin's manufacture and sale, albeit for reasons other than possible infringement. Also, following the mailing of the 1998 letter accusing ICN of infringement (Tristrata Trial Ex. 76), Tristrata took no further action until 2001, when Tristrata threatened filing this lawsuit and offered ICN a licensing agreement. Thus, the Court concludes that ICN's actions between 1998 to

2000 do not weigh in favor of enhancing damages.

Finally, the Court concludes that the eighth and ninth *Read* factors weigh against enhancing damages. On the record before it, the Court finds no proof of ICN's motivation for harm or that it attempted to conceal its infringing activities.

In sum, although the Court concludes that the remaining *Read* factors weigh in favor of enhancing damages, the Court is persuaded that the above findings and conclusions militate against punishing ICN by enhancing damages. The absence of proof of deliberate copying, the closeness of the case (particularly the strongly contested claim construction), motivation, or attempts to conceal infringing activities convinces the Court that ICN's infringement in this case was not so obnoxious as to clearly call for assessing a punitive damage award to deter similar conduct in the future. Accordingly, the Court will deny Tristrata's Motion.

### 2. *Attorney's Fees And Costs*

Both parties point to the same evidence advanced in support of and in opposition to Tristrata's Motion for Enhanced Damages with respect to Tristrata's request for attorney's fees and costs. Accordingly, for the reasons stated above, the Court concludes that the instant case is not "exceptional," and therefore, will deny Tristrata's request for attorney's fees and costs under 35 U.S.C. § 285. *See Lucent Tech., Inc. v. Newbridge Networks, Inc.*, 168 F.Supp.2d 269, 275–76 (D.Del.2001) ("factors relevant to an enhanced damages award [may be considered] in determining whether attorneys' fees should be granted.") (citing Donald S. Chisum, *Chisum on Patents*, § 20.03[4][c][ii] (1999)).

### CONCLUSION

For the reasons discussed, the Court will grant Tristrata's Motion To Strike

Timmons Declaration (D.I.212) and deny Tristrata's Motion For Enhanced Damages, Attorney's Fees And Expenses. (D.I. 184.)

An appropriate Order will be entered.

### *ORDER*

At Wilmington, this 12th day of April, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1) Tristrata's Motion To Strike Timmons Declaration (D.I.212) is *GRANTED;*

2) Tristrata's Motion For Enhanced Damages, Attorney's Fees And Expenses (D.I.184) is *DENIED.*