**STRYKER CORPORATION, Plaintiff,**

v.

**DAVOL, INC., Defendant.**

No. 4:96–CV–191.

United States District Court,
W.D. Michigan,
Southern Division.

July 29, 1999.

Charles E. Ritter, Miller, Canfield, Paddock & Stone, Kalamazoo, MI, for plaintiff.

Thomas F. Blackwell, Smith, Haughey, Rice & Roegge, PC, Grand Rapids, MI, Peter C. McCabe, Winston & Strawn, Chicago, IL, for defendant.

## MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR SUPPLEMENTAL DAMAGES

McKEAGUE, District Judge.

At the end of two weeks of trial in this patent infringement action, the jury re-

turned its verdict on November 20, 1998. The jury determined that defendant Davol, Inc., had willfully infringed all four of the patent claims asserted by plaintiff Stryker Corporation. The jury assessed Stryker's damages in the form of a reasonable royalty at 20% of Davol's sales of infringing products. In accordance with the verdict, judgment was entered on December 2, 1998, awarding Stryker $1,510,647 in damages and prejudgment interest. On December 23, 1998, the Court issued a permanent injunction prohibiting further infringement. Now before the Court is Stryker's motion to award supplemental damages, consistent with the jury's verdict, based on Davol's continuing infringing activities during the period after the jury's verdict had been returned but before the permanent injunction issued.

Stryker contends Davol continued to sell Hydro–Surg Plus suction irrigators during this one-month period, realizing profits of $641,557. Applying the 20% royalty measure of damages employed by the jury yields a supplemental damages award of $128,311.40. In addition, Stryker prays for award of prejudgment interest on this sum in the amount of $4,277, and moves the Court to treble the supplemental damages.

Davol disputes neither the charge of continuing infringement nor the accuracy of the monetary amounts sought by Stryker. Stryker is therefore entitled to and shall be awarded $132,588.40 in supplemental compensatory damages. Davol maintains, however, that trebling of damages is inappropriate.

Under 35 U.S.C. § 284, the Court is required to award damages adequate to compensate for any infringement and is authorized, in its discretion, to treble the compensatory damages. It is for the Court to determine whether and to what extent to increase the damages award, considering the totality of the circumstances. *Jurgens v. CBK, Ltd.*, 80 F.3d 1566, 1570 (Fed.Cir.1996). In exercising its discretion, the Court must consider the evidence of Davol's culpability in light of the factors set forth in *Read v. Portec, Inc.*, 970 F.2d 816, 827 (Fed.Cir.1992), summarized as follows:

(1) Whether the infringer deliberately copied the ideas or design of another, (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed, (3) the infringer's behavior as a party to the litigation, (4) the infringer's size and financial condition, (5) the closeness of the case, (6) the duration of the infringer's misconduct, (7) any remedial action by the infringer, (8) the infringer's motivation for harm, and (9) whether the infringer attempted to conceal its misconduct.

*Johns Hopkins University v. CellPro, Inc.*, 152 F.3d 1342, 1352 n. 16 (Fed.Cir.1998). The Court has discretion to identify and balance the most relevant factors so as to effectuate the punitive and deterrent purposes of enhanced damages and fashion a just remedy. *SRI Int'l, Inc. v. Advanced Technology Laboratories, Inc.*, 127 F.3d 1462, 1468–69 (Fed.Cir.1997).

Most pertinent among the *Read* factors are the following: whether Davol formed a good faith belief that its post-verdict conduct would not infringe Stryker's patent; the duration of Davol's misconduct; and whether Davol took any remedial action.

Notwithstanding the jury's verdict of willful infringement and the Court's confirming judgment, it is undisputed that Davol continued to sell infringing Hydro–Surg Plus devices without taking any remedial action—that is, without altering the product in any way—for over a month, until the Court granted Stryker's motion for a permanent injunction. Nonetheless, Davol maintains its continuing infringement was not willful. Despite the jury's verdict, Davol contends it was entitled to continue to rely on the noninfringement opinions of Arthur Bookstein and Peter Schechter. Based on this reliance, Davol argues it acted in good faith.

Davol's reliance on opinions of patent attorneys is probative of its good faith only if the reliance was reasonable. See *Graco, Inc. v. Binks Mfg. Co.*, 60 F.3d 785, 793 (Fed.Cir.1995). Subsequent to the jury's verdict, reflecting the jury's rejection of Davol's evidence and arguments that its reliance had been reasonable, Davol's continuing reliance on those same opinions simply cannot be deemed reasonable. Davol simply cannot have formed a good faith belief that its continuing sales of the Hydro–Surg Plus were not infringing. Rather, its conduct can only be characterized as stubborn, intractable, contumacious and, yes, willful.

Davol insists it had the right to rely on the possibility that one of its post-judgment motions for judgment as a matter of law and for new trial would be granted, overturning the jury's verdict and vacating the Court's judgment. Granted, the Court's orders denying these two motions did not issue until May 26, 1999. Yet, even Davol must be charged with knowledge that the likelihood that either motion would be granted was slight, even minuscule. Both motions were based on arguments the Court had, throughout the course of the trial, consistently rejected. There simply was no good reason to believe either motion would be granted. The hypothetical possibility that one might be granted was clearly insufficient to support a good faith belief that continuing sales of the Hydro–Surg Plus were not infringing.

Accordingly, the Court finds Davol's continuing infringement of Stryker's patent from November 20, 1998 to December 23, 1998, to have been willful. The Court further finds that enhancement of damages is appropriate. Considering the weakness of Davol's arguments justifying its continuing infringing conduct, Davol's culpability is adjudged to warrant doubling of the supplemental damages to which Stryker is entitled. In the considered opinion of the Court, an award of $265,-176.80 ($132,588.40 × 2), affords effective punishment of Davol's wrongdoing and a just remedy for Stryker's injury.

An order consistent with this memorandum opinion shall issue forthwith.

### JUDGMENT ORDER AWARDING SUPPLEMENTAL DAMAGES

In accordance with the Court's memorandum opinion of even date on plaintiff's motion for supplemental damages,

**IT IS HEREBY ORDERED** that the motion of plaintiff Stryker Corporation for award of supplemental damages is **GRANTED;** and

**IT IS FURTHER ORDERED** that Stryker is hereby **AWARDED SUPPLEMENTAL DAMAGES** in connection with the continuing infringing conduct of defendant Davol, Inc., from November 20, 1998 to December 23, 1998, in the amount of $265,176.80.