**LUCENT TECHNOLOGIES, INC. Plaintiff,**

v.

**NEWBRIDGE NETWORKS CORP. and NEWBRIDGE NETWORKS, INC. Defendants.**

No. 97–347–JJF.

United States District Court, D. Delaware.

Sept. 21, 2001.

Josy W. Ingersoll, Esquire and John W. Shaw, Esquire of Young, Conaway, Stargatt & Taylor LLP, Wilmington, Delaware. Of Counsel: John M. Desmarais, Esquire, Gregory S. Arovas, Esquire, Robert A. Appleby, Esquire, Henry G. Sawtelle, Esquire and James T. Bailey, Esquire of Kirkland & Ellis, New York City. Attorneys for Plaintiff Lucent Technologies, Inc.

Arthur G. Connolly, Jr., Esquire of Connolly Bove Lodge & Hutz, Wilmington Delaware. Of Counsel: Thomas B. Kenworthy, Esquire, William P. Quinn, Jr., Esquire and Clifford J. Peterson, Esquire of Morgan Lewis & Bockius LLP, Philadelphia, Pennsylvania. Stephen G. Rudisill, Esquire, Janet M. Garetto, Esquire and Russell J. Genet, Esquire of Jenkens & Gilchrist PC, Chicago, Illinois. Attorneys for Defendants Newbridge Networks Corporation and Newbridge Networks, Inc.

## *MEMORANDUM OPINION*

FARNAN, District Judge.

Presently before the Court are five post-trial motions filed by Lucent in one motion document entitled "Post Trial Motions" (D.I.616):(1) a Motion For Permanent Injunction; (2) a Motion For An Adjustment Of Damages; (3) a Motion For Enhanced Damages; (4) a Motion For Attorneys' Fees; and (4) a Motion For Prejudgment Interest. By a Stipulation between the parties, Lucent has withdrawn its Motion For Permanent Injunction with prejudice. (D.I.683). In addition, Lucent's Motion For Prejudgment Interest has been resolved by a Stipulation between the parties. (D.I.652). As a result, the remaining motions for the Court's consideration include Lucent's Motions For Enhanced Damages and Attorneys' Fees, which the parties have briefed together, and Lucent's Motion For An Adjustment of Damages, which has been briefed separately by the parties. For the reasons discussed, Lucent's Motion For An Adjustment of Damages will be denied, Lucent's Motion For Enhanced Damages will be granted, and Lucent's Motion For Attorneys' Fees will be granted.

## BACKGROUND

The procedural and technical background of this action is set forth fully in the Court's September 21, 2001 Opinion relating to the parties respective Motions For Judgment As A Matter Of Law. Additional pertinent facts related to the pending motions will be discussed in connection with the parties' arguments.

## DISCUSSION

### I. Lucent's Motion For An Adjustment Of Damages

Pursuant to Federal Rule of Civil Procedure 59(e), Lucent requests the Court to order Newbridge to provide an accounting of all U.S. sales of accused Newbridge products from February 1, 1999 until the date of the entry of an amended final judgment in this case. Lucent further requests the Court to adjust the damages awarded by the jury to include damages for additional sales during this time period, calculated at a royalty rate of one percent per patent on infringing sales.

In response to Lucent's argument, Newbridge contends that Lucent is not entitled to its requested adjustment of damages. Specifically, Newbridge contends that Lucent waived its right to request an accounting, and any upward adjustment of

damages is precluded by the Seventh Amendment.

The Final Joint Pretrial Order entered in this case stated, "[t]he assessment of damages is a question of fact, and is decided by the jury when trial is to a jury." (D.I. 539, Ex. 4 at 20). Consistent with this Order, the jury was asked to assess the amount of damages, if any, that Lucent was entitled to receive. Specifically, the jury was asked:

> If you have found that "Newbridge" has infringed at least one claim of the '810,- '811, '174 and/or '136 patents, and that the asserted claim is not invalid, what amount of damages based on a reasonably royalty for "Newbridge's" infringement do you find Lucent to have proven by a preponderance of the evidence[.]

(D.I. 604 at 13). In response to this question, the jury answered with an amount of $9,590,036.

According to Lucent, the jury's damages award is the "exact dollar figure sought by Lucent for Newbridge's infringing sales made within the United States through January 31, 1999." (D.I. 633 at 2). However, Lucent contends that since that date, Newbridge has continued to actively market its infringing products in the United States, including one new potentially infringing product. Because these more recent sales were not included in the jury's damages award, Lucent contends that the Court should amend the Judgment entered on the jury verdict in this case to require Newbridge to account for the additional sales and adjust the damages accordingly.

In support of its argument, Lucent directs the Court to several cases for the proposition that "courts routinely order accountings to update a jury's damages award to the time of final judgment." (D.I. 7). The Court has reviewed the cases cited by Lucent and is not persuaded that they resolve the issue in this case.

For example, Lucent directs the Court to its decision in *Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 1992 WL 470239, *4 (D.Del. Jul.8, 1992). While the Court found that the plaintiff was entitled to an accounting from the defendant for its infringing activity, the Court also expressly noted that the plaintiff's motion for an accounting was not opposed by the defendant. The same is true with regard to the decision in *Stryker Corporation v. Davol, Inc.*, 75 F.Supp.2d 746, 747 (W.D.Mich.1999). Similarly, in *Maxwell v. J. Baker, Inc.*, 879 F.Supp. 1007 (D.Minn.1995), the court acknowledged that the plaintiff was entitled to an accounting; however, there was no indication in *Maxwell* that the defendant opposed an accounting. Rather, based on the court's opinion in that case, the defendant merely sought to defer the accounting until the liability issues were resolved. *See also Oscar Mayer Foods Corp. v. Conagra, Inc.*, 869 F.Supp. 656, 668 (W.D.Wis. 1994) (indicating that parties agreed that plaintiff was entitled to additional damages); *Padco, Inc. v. Newell Cos.*, 1988 WL 187504, *10 (E.D.Wis.1988) (indicating that defendant's only disagreement concerned method used for accounting and not whether to have an accounting). Accordingly, in light of Newbridge's express disagreement with an accounting in this case, the Court is not persuaded that the aforementioned cases are dispositive.

In addition to the previously cited cases, the parties both rely on *Alpex Computer Corp. v. Nintendo Co.*, 1994 WL 681752, *47–48 (S.D.N.Y. Dec.5, 1994). In *Alpex*, the Court found that the plaintiff was entitled to a 6% royalty rate to be applied to infringing sales through the date the patent expired. However, in *Alpex*, the plaintiff expressly gave notice in the Final Pre-Trial Order that it would seek to recover damages through November 30, 1992 and that it would seek an accounting to deter-

mine the amount of infringing sales between December 1, 1992 and the date of judgment. *Id.* at *47.

■ In this case, unlike *Alpex,* Lucent did not request an accounting in the Final Joint Pretrial Order or in the Amended Complaint. Lucent also did not specify that it sought corresponding damages for a given period of time in the Final Joint Pretrial Order. Given Lucent's lack of clarity regarding the damages it sought to pursue, its failure to preserve its request for an accounting in either the Amended Complaint or the Final Joint Pre–Trial Order, the fact that Newbridge opposes an accounting, and the lack of any case law supporting an accounting in these circumstances, the Court declines to grant Lucent's request for an adjustment of damages. Accordingly, Lucent's Motion For An Adjustment Of Damages will be denied.

## II. Lucent's Motion For Enhanced Damages

Pursuant to 35 U.S.C. § 284, Lucent requests the Court to award enhanced damages equal to three times the actual damages awarded to Lucent. Specifically, Lucent contends that enhanced damages are appropriate in this case, because (1) Newbridge was found to be a willful infringer; (2) Newbridge continued and expanded its infringement of Lucent's patents without a good-faith basis; (3) the question of willfulness was not a "close" question; (4) Newbridge's willful infringement occurred for many years without any attempts to mitigate the infringement;

and (5) Newbridge employed dilatory tactics during this litigation.

In response, Newbridge contends that enhanced damages are not required in this case. Specifically, Newbridge contends that it "committed itself to the standards-compliant technology in issue without knowledge of Lucent's patents and it has asserted in good faith substantial defenses to Lucent's charges of infringement." [1] (D.I. 648 at 2). The Court will address the parties' respective positions in turn.

### A. Legal Standard For Enhancement Of Damages

■ Pursuant to 35 U.S.C. § 284, Congress authorized the Court to "increase the damages up to three times the amount found or assessed." 35 U.S.C.A. § 284 (West 1984). It is well settled that a willful infringer is exposed to enhanced damages. *See Johns Hopkins Univ. v. Cellpro, Inc.,* 152 F.3d 1342, 1364 (Fed.Cir. 1998) (citation omitted). However, a determination of willful infringement does not mandate an enhanced penalty. *Id.* at 1365.. Rather, the decision to award enhanced damages rests with the sound discretion of the Court. *Id.*

In exercising its discretion, the Court should engage in a two-step inquiry:

First, the fact-finder must determine whether an infringer is guilty of conduct upon which increased damages may be based. If so, the court then determines, exercising its sound discretion, whether, and to what extent, to increase the damages award given the totality of the circumstances.

---

1. In opposing Lucent's Motion, Newbridge also contends that the Motion is premature, because "the trial on equitable issues has not yet been held." (D.I. 648 at 1). Following the briefing of these Motions, the parties resolved the equitable issues by stipulation. However, the parties have not updated their positions in this Motion by letter or otherwise, and therefore, the Court will assume that this Motion is still ripe for the Court's review and that the parties have nothing to add that would assist the Court in resolving this Motion.

*Jurgens v. CBK Ltd.*, 80 F.3d 1566, 1570 (Fed.Cir.1996). In performing this analysis, the Court should consider such factors as: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when it knew of the other's patent protection, investigated the scope of the patent and formed a good faith belief that it was invalid or that it was not infringed (3) the infringer's behavior as a party to the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of the infringer's misconduct; (7) any remedial action by the infringer; (8) the infringer's motivation for harm; and (9) whether the infringer attempted to conceal its misconduct. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed.Cir.1992). The paramount consideration is the egregiousness of the defendant's conduct based on all the facts and circumstances. *See Rite–Hite Corp. v. Kelley Co., Inc.*, 819 F.2d 1120, 1124–26 (Fed.Cir.1987).

**B.** *Whether Lucent Is Entitled To Enhanced Damages*

■ Applying the standard for enhanced damages to the circumstances in this case, the Court, in its discretion, concludes that Lucent is entitled to have its damages award doubled. Aside from the Arpin Patent, in which the Court overturned the jury's verdict of infringement, the Court observes that the jury's findings of infringement for the four remaining patents all included a finding of willful infringement by Newbridge. In addition, the Court is persuaded that several factors weigh in favor of an enhanced damages award in this case.

In particular, the Court finds that Newbridge, upon notice of its alleged infringing activity failed to investigate the scope of the patent. "It is well settled that a potential infringer having actual notice of another's patent rights has an affirmative duty of due care. That affirmative duty will normally entail the obtaining of competent legal advice before engaging in any potentially infringing activity or continuing such activity." *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 181 (Fed.Cir.1994). In this case, Lucent presented evidence that Newbridge did not stop using technology or a feature because of a patent held by others, and that Newbridge rarely, if ever, performed patent searches before launching into its products. (Tr. 3225–3227; 1215–1216). With regard to the accused products specifically, Lucent also presented evidence that once Newbridge was aware of their potentially infringing products, Newbridge did not exercise its duty of care to obtain competent legal advice regarding their potentially infringing activity. (Tr. 3264–3266). Indeed, Newbridge's defense to willful infringement in this case relied primarily on the testimony of its in-house Canadian lawyers who acknowledged their lack of familiarity with the duty of care and with United States patent law in general. For example, Newbridge's in-house counsel Mr. Mayo, who described himself as the "primary person on intellectual property matters ... at Newbridge" was asked and answered as follows:

Q: You know, sir, don't you, that the law in the United States says that if you're charged with infringement, and there is a patent in a product, the person charged with infringement has a duty under the law, don't you know that sir?

\*    \*    \*    \*    \*    \*

A: I'm afraid I don't. Actually [I'm] more familiar with Canadian law than United States law in this matter.

\*    \*    \*    \*    \*    \*

Q: ... And it's a fact, isn't it, that in this case to defend against the charge of willful infringement, New-

bridge is not relying on the competent opinion of a United States patent attorney, are you?

\* \* \* \* \* \*

A: I'm sorry. Are you asking me whether I know if they have one or whether they're relying on one?

Q: Whether they have one that they're relying on in this case.

A: I'm not aware of that.

Q: Now, your letters that you sent to AT & T and later to Lucent, those are not competent opinions from a United State patent attorney, are they?

A: To the extent they came from me, I guess not.

(Tr. 3263–3266).

Newbridge contends that they did seek advice from outside counsel as to Lucent's infringement claims. However, even Newbridge acknowledges that they did not rely on these opinions because they were "unwilling to waive attorney-client and work product protection." (D.I. 648 at 8, n. 4). Indeed, because of Newbridge's decision not to rely on these opinions, the Court cannot evaluate whether they were from competent legal counsel or whether they expressed favorable or unfavorable opinions. As the Federal Circuit recognized, "[W]hen an infringer refuses to produce an exculpatory opinion of counsel in response to a charge of willful infringement, an inference may be drawn that either no opinion was obtained or, if an opinion was obtained, it was unfavorable." *Electro Medical Sys., S.A. v. Cooper Life Sciences, Inc.,* 34 F.3d 1048, 1056–1057 (Fed.Cir. 1994) (holding that district court was free to draw adverse inference against infringer when infringer refused to produce counsel's opinion based on attorney client privilege).

Newbridge also attempts to place the burden of investigating the patents on Lucent, claiming that Lucent did not give Newbridge certain information explaining Lucent's alleged infringement by Newbridge products. However, the law is clear that the duty to investigate the patent once notified of infringement rests on the alleged infringer. To the extent that Newbridge contends that it was not put on notice of infringement, the Court likewise rejects Newbridge's contention, as the record demonstrates otherwise. (See e.g. Tr. 1218–1219, 1487–1489, 3220–3222, 3266, PX 839).

In addition to the foregoing failure to investigate and/or obtain valid opinions of counsel, the Court notes the existence of other aggravating factors against Newbridge including the prolonged nature of Newbridge' infringement (Tr. 1487, 1816, 2967), its failure to discontinue its infringement once notified of Lucent's law suit, and its failure to take remedial action to remedy its alleged infringement. *See e.g. Del Mar Avionics, Inc. v. Quinton Instrument Co.,* 836 F.2d 1320, 1328 (Fed.Cir. 1987) (holding that enhanced damages and attorneys' fees are appropriate where the district court found that the infringer did not procure a patent search and continued to manufacture and sell infringing products after the law suit was filed against it). Based on the jury's findings of willful infringement and in light of the aggravating factors weighing in favor of enhanced damages in this case, the Court concludes that Lucent is entitled to an award of doubled damages. Accordingly, Lucent's Motion For Enhanced Damages will be granted.

## III. Lucent's Motion For Attorney's Fees

By its Motion, Lucent request the Court to award attorneys' fees to Lucent as the prevailing party in this litigation. Specifically, Lucent contends that this case is exceptional, based on the jury's verdicts of willful infringement on all of the patents-

in-suit and the presence of several aggravating factors similar to those considered in the context of the enhanced damages issue.

In response, Newbridge contends that Lucent failed to comply with Federal Rule of Civil Procedure 54(d)(2)(B) requiring the movant for attorneys' fees to state the amount or provide a fair amount of the estimate sought. (D.I. 648 at 29–30). In addition, Newbridge contends that the case is not exceptional, because Newbridge's conduct was not in bad faith. (D.I. 648 at 31).

In Reply, Lucent states that it did not make an assessment regarding its attorneys' fees, because of the pending equitable issues which were to be tried in a subsequent bench trial. However, the parties resolved the pending equitable issues in this case by stipulation, and Lucent thereafter filed its fair estimate of the amount of attorneys' fees it seeks for this litigation. (D.I.688). Specifically, Lucent requests "about $5.5 million plus about 15% additional in disbursements," a figure based in part on the Report of Economic Survey 1999 published by the American Intellectual Property Law Association. (D.I. 688 at 1 & Tab A). Because the Court concludes that Lucent has complied with the mandate of Federal Rule of Civil Procedure 54(d)(2)(B), Newbridge's procedural argument is moot. Accordingly, the Court will turn to the parties' remaining arguments.

### A. Legal Standard For Award Of Attorneys' Fees

■ Section 285 authorizes the Court "in exceptional cases" to award "reasonable attorney fees to the prevailing party." Willful infringement alone is sufficient to justify a finding that a case is exceptional. 35 U.S.C. § 285; see Mahurkar v. C.R. Bard, Inc., 79 F.3d 1572, 1580 (Fed.Cir. 1996); S.C. Johnson & Son, Inc. v. Carter–

Wallace, Inc., 781 F.2d 198, 200 (Fed.Cir. 1986). In addition, the Court may consider the factors relevant to an enhanced damages award in determining whether attorneys' fees should be granted. See Donald S. Chisum, Chisum on Patents, § 20.03[4][c][ii] (1999). The decision to award attorneys' fees is within the discretion of the Court. See e.g. J.P. Stevens Co. v. Lex Tex Ltd., 822 F.2d 1047, 1050 (Fed. Cir.1987).

### B. Whether Lucent Is Entitled To Attorneys' Fees

■ Based on the jury's finding of willfulness and the factors discussed in the context of the Court's enhanced damages determination, the Court concludes that the instant case is exceptional, such that Lucent is entitled to an award of reasonable attorneys' fees. In particular, the Court finds Newbridge's failure to investigate the patents and/or rely on the opinions of competent counsel before engaging in and/or continuing its infringing activity to be worthy of note. See e.g. Gillette Co. v. S.C. Johnson & Son, Inc., 15 U.S.P.Q.2d 1795, 1799 (D.Mass.) ("[I]n a case in which an infringer does not act 'prudently' and 'reasonably' before engaging in infringing action, it is only 'fair' to allocate to the infringer the costs which the patent holder has to incur in order to seek redress."), aff'd, 919 F.2d 720 (Fed.Cir.1990). However, consistent with the Court's award of double, rather than treble enhanced damages, and given the fact that Newbridge prevailed on the Arpin Patent, the Court will not award Lucent full recovery of its attorneys' fees. Rather, the Court will award Lucent two-thirds of the attorneys' fees and costs that Lucent seeks. Accordingly, Lucent's Motion For Attorneys' Fees will be granted.

### IV. Damages Assessment

By Stipulation, the parties have agreed that Lucent is entitled to prejudgment in-

terest calculated at the applicable prime rate compounded quarterly. (D.I.652). Based on this agreement between the parties and the Court's determination as to enhanced damages and attorneys' fees, the Court will require the parties to make additional submissions regarding the exact amount of damages owed by Newbridge to Lucent. Lucent shall file its applications and affidavits within ten (10) business days of the date of the Order accompanying this Memorandum Opinion. Newbridge shall file objections, if any, no later than ten (10) business days thereafter. Lucent shall then have ten (10) business days to file a reply to Newbridge's objections.

## CONCLUSION

For the reasons discussed, Lucent's Motion For An Adjustment Of Damages will be denied, and Lucent's Motion For Enhanced Damages and Motion For Attorneys' Fees will be granted.